Robert Vincent SHIPP, Appellant,

v.

The STATE of Texas, Appellee.

No. 45199.

Court of Criminal Appeals of Texas.

July 26, 1972.

John K. Coil, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is attempted burglary; the punishment, three (3) years.

Appellant's first ground of error challenges the sufficiency of the evidence. The record reflects that Dallas police officers, responding to a silent burglar alarm, apprehended the appellant, in an alley behind a business owned by Elmer Sitton, wearing gloves and in possession of a pry bar. There were fresh pry marks on the door and a portion of one of the bolts on the door had been forced off. In res gestae statements to the officers and by his testimony at trial, the appellant stated that he intended to burglarize the establishment next door, since he knew it was not equipped with an alarm. The appellant contends that since the record reflects he intended to break into the establishment next door, the evidence does not support the jury finding that he intended to steal from Sitton. However, the appellant admitted he intended to break into the building where he was apprehended, thinking it was the one next door. The fact that he mistakenly attempted to enter the wrong building makes him no less culpable. The evidence is amply sufficient to support the verdict.

Ground of error number one is overruled.

 Ground of error number two contends that appellant was denied the right to cross-examine a witness who testified against him. He claims that the prosecutor, in his argument, made two statements in the nature of testimony. We have examined the argument in question and find that, in the first instance, the appellant did not pursue his objections until he received an adverse ruling which is required in order to preserve his point for review. Burks v. State, Tex.Cr.App., 432 S.W.2d 925.

In the second instance, the District Attorney stated:

"DISTRICT ATTORNEY: . . . now, in listening to his argument about the only thing I am struck by is that he is not satisfied with the State's case. I don't think it very unusual. Defense lawyers are paid not to be. It is my experience that the more important the State's case is that we bring—

"APPELLANT'S ATTORNEY: Object to the State's attorney testifying to the jury unless it is coming from the stand.

"THE COURT: Overruled.

"DISTRICT ATTORNEY: It has been my experience that the stronger the State's case is we bring you, the more desperate and more ridiculous the defenses are. . . "

The appellant's objection was properly overruled. The prosecutor's remark represented permissible adversary comment.

Appellant's ground of error number two is overruled.

 Ground of error number three relates to the court's charge. The appellant's objection to the charge requested the court to omit the portion of the charge relating to transferred intent. We find nothing in the charge relating to "transferred intent" and nothing is presented for review.

Ground of error number three is overruled.

The judgment is affirmed.

ROBERTS, J., not participating.