**John VELA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–83–847–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 20, 1984.

Marshall Mack Arnold, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

John Vela appeals from his conviction by a jury of possession of a short-barrel firearm. Punishment, enhanced by a prior felony conviction, was assessed by the jury at twenty-three years confinement in the Texas Department of Corrections. Appellant raises one ground of error, insufficiency of the evidence. We affirm.

On October 5, 1983, Houston Police Officers Jesse Garcia and Frank Quinn, then on patrol in Northwest Houston, saw a car stalled in the center lane of the 9300 block of Long Point. The car's lights were out and its hood was up. Officer Garcia pulled up behind the stalled car to see if it might be moved off the road.

As he approached the stalled car officer Garcia observed one man working under the hood, appellant sitting in the front seat of the car on the passenger side, and a third man sitting in the back seat.

Officer Garcia then noticed the appellant making a downward reaching motion. In his testimony at trial the officer characterized appellant's movement as a "continuous motion" downward made in an effort to reach something. He immediately ordered all three men to gather in one spot behind the car with their hands out where the officer could see them.

Noting that all three men appeared intoxicated, officer Garcia placed them under arrest and conducted an inventory search of the car. In the course of his search he discovered a short-barreled shotgun underneath the front seat on the passenger's side. He found two bandanas and two pairs of gloves under the same seat, this time underneath the *driver's* side. He also found several beer cans resting on the floor of the car under the dashboard.

Appellant, in his own testimony, denied any knowledge of the existence of the shotgun. He stated that the purpose of the downward reaching motion was to place a beer can on the floor of the car so that he would not be observed holding it. Appellant also stated that he had only ridden in the car three times in the last few months. In a part of his testimony that was undisputed, it was established that the car belonged neither to appellant nor to the driver, Florencio Medrano. The car's usual driver was another man known to appellant and Medrano as "Little Ray."

■ In possessory offenses, whether the State's theory is one of sole or of joint possession, the evidence must affirmatively link the accused to the unlawful weapon in such a manner and to such an extent that a reasonable inference may arise that defendant knew of the weapon and that he exercized control over it. Such affirmative link may be established by showing additional facts and circumstances which indicate the accused's knowledge and control of the weapon. *Dubry v. State,* 582 S.W.2d 841, 843 (Tex.Crim.App.1979).

■ In the instant case, appellant's knowledge and control of the shotgun are proved circumstantially by his sudden reaching gesture in the direction of the weapon and his close proximity and access to it. These facts link appellant to the weapon adequately to elevate the cumulative force of the State's case to a level beyond proof of appellant's simple presence at the place of possession, which by itself would be insufficient. *Harrison v. State,* 555 S.W.2d 736 (Tex.Crim.App.1977). In all those cases cited by appellant in which convictions in possessory offenses were overturned, the State had not established the combined elements of a furtive gesture, of close proximity, and of a high degree of access. *See Dubry v. State, supra; Harrison v. State, supra; Harvey v. State,* 487 S.W.2d 75 (Tex.Crim.App.1972). In reaching our result we look to *Payne v. State,* 480 S.W.2d 732 (Tex.Crim.App.1972), in which it is suggested that a defendant's actions toward the contraband (here weapon) may indicate an intent to break the law, and that degree of access to the weapon may be probative as to the issue of control. See also *Earvin v. State,* 632 S.W.2d 920, 924 (Tex.App.—Dallas 1982, pet. ref'd).

We conclude that the evidence submitted at trial of appellant's furtive gesture toward the shotgun lying directly underneath his seat was sufficient to circumstantially prove his knowledge and control of the weapon.

Before a conviction based on circumstantial evidence can be sustained, however, the circumstances of the case must exclude every other reasonable hypothesis except that of the guilt of the accused. *Dubry v. State*, 582 S.W.2d 841, 844 (Tex.Crim.App. 1979). Here, appellant testified that he was setting down a beer can, not reaching for a shotgun, and Officer Garcia conceded the possibility of this explanation on cross-examination.

 This, however, was a fact question for the jury to resolve. The jury chose to believe Officer Garcia's version of the incident and not appellant's. As a reviewing court we must look at all the evidence in the light most favorable to the verdict. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984) (en banc). Given the inconsistencies present in appellant's testimony at trial, we conclude that a rational trier of fact could have rejected appellant's hypothesis as unreasonable and found appellant guilty beyond a reasonable doubt. *Id.* Appellant's ground of error is therefore overruled.

The judgment and the order of the trial court are affirmed.