**Antonio CORPUS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–98–00870–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 2000.

William Thursland, Houston, for appellant.

John Healey, Dist. Atty., Greg Gilleland, Asst. Dist. Atty., Richmond, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## MAJORITY OPINION

MAURICE E. AMIDEI, Justice.

Antonio Corpus appeals his conviction by jury for the offense of possession of a firearm by a felon. *See* Tex.Pen.Code Ann. § 46.04 (Vernon 1994). The jury assessed punishment at four years confinement in the Texas Department of Criminal Justice, Institutional Division and a $4,000 fine. In four points of error, appellant contends (1) the evidence is legally insufficient to support the verdict, (2) the evidence is factually insufficient to support the verdict, (3) the trial court erred in overruling appellant's motion to suppress the firearm evidence, and (4) the prosecutor's final argument at the guilt/innocence stage was so improper as to deny appellant a fair and impartial trial. For the reasons stated below, we affirm the judgment of the trial court.

## BACKGROUND

On September 14, 1997, Officer Ed Aldredge stopped a car traveling at twenty miles per hour above the posted speed limit. Appellant was the driver of the vehicle and Louis Guerrero was in the passenger side front seat. The car was registered to the appellant and his wife. When Officer Aldredge walked over to appellant's car, he noticed that appellant appeared nervous and took a long time to produce his driver's license and proof of insurance. Appellant also spoke in mumbled tones. After returning to his patrol car, Officer Aldredge observed both occupants moving or reaching around inside the passenger compartment of the vehicle. Both occupants also checked their rear view mirrors in order to keep an eye on Aldredge. These observations aroused Aldredge's suspicions.

Officer Aldredge re-approached appellant's vehicle in order to obtain more information for the traffic citation. Aldredge completed the citation and asked appellant if there was anything in the vehicle that the officer should be concerned with or know about. He then asked for and received appellant's permission to search the "lunge" area of the vehicle.[1]

In the course of searching the vehicle, the officer found a loaded revolver in the map pocket behind the passenger seat. Officer Aldredge then arrested appellant for unlawfully carrying a weapon.

## POINT OF ERROR ONE

By point one, appellant contends that the evidence is legally insufficient to support the verdict. We disagree.

When reviewing the legal sufficiency of the evidence, the appellate court will look at all of the evidence in a light most favorable to the verdict. *See Garrett v. State*, 851 S.W.2d 853, 857 (Tex.Crim.App.1993). In so doing, the appellate court is to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Ransom v. State*, 789 S.W.2d 572, 577 (Tex. Crim.App.1989). This standard is applied to both direct and circumstantial evidence cases. *See Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim.App.1986). The appellate court is not to reevaluate the weight and credibility of the evidence, but only ensure that the jury reached a rational decision. *See Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.1993); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

 We analyze the sufficiency of the evidence in cases involving possession of a firearm by a felon under the rules adopted for determining the sufficiency of the evidence in cases of possession of a controlled substance. *See Young v. State*, 752 S.W.2d 137, 140 (Tex.App.—Dallas 1988, pet.

---

1. Aldredge explained that the lunge area is the area where a person could lunge around inside the vehicle, such as under or behind the seats or inside the passenger compartment.

ref'd). Therefore, the State was required to prove that appellant knew of the weapon's existence and that he exercised actual care, custody, control, or management over it. *See Ramirez v. State*, 897 S.W.2d 428, 436 (Tex.App.—El Paso 1995, no pet.); *Vela v. State*, 681 S.W.2d 739, 740 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd); *see also Cude v. State*, 716 S.W.2d 46 (Tex.Crim.App.1986). When the accused is not in exclusive control of the place the contraband is found, there must be independent facts and circumstances linking the accused to the contraband. *See Cude*, 716 S.W.2d at 47.

Appellant asserts that the evidence does not connect him to the actual care, custody, control, or management of the firearm. Courts have identified numerous factors that constitute "affirmative links" between the accused and the contraband. *See Gilbert v. State*, 874 S.W.2d 290, 298 (Tex.App.—Houston [1st Dist.], 1994, pet. ref'd); *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex.App.—Austin 1991, pet. ref'd). Factors that may establish affirmative links include whether: (1) the contraband was in a car driven by the accused; (2) the contraband was in a place owned by the accused; (3) the contraband was conveniently accessible to the accused; (4) the contraband was in plain view; (5) the contraband was found in an enclosed space; (6) the contraband was found on the same side of the car as the accused; (7) the conduct of the accused indicated a consciousness of guilt; (8) the accused has a special relationship to the contraband; (9) occupants of the automobile gave conflicting statements about relevant matters; and (10) affirmative statements connect the accused to the contraband. *See Gilbert*, 874 S.W.2d at 298. The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *See Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd).

Taking the evidence in the light most favorable to the verdict, the gun was in a car driven by appellant. The car was registered to the appellant. The gun was within reach of the appellant, and it was more conveniently accessible to the appellant than to the passenger. The gun was found in an enclosed space behind the passenger's seat. After being stopped, appellant made furtive movements and acted suspiciously. The furtive gestures could support an inference that appellant displayed a consciousness of his guilt. Although the passenger claimed that the loaded gun was his, he incorrectly identified the color of the bullets as gold rather than silver. Aldredge testified that in his experience that a person owning a gun would know the color of the bullets.

In viewing the evidence in the light most favorable to the jury's verdict, we conclude that any rational trier of fact could have found beyond a reasonable doubt all of the essential elements of the offense charged, including knowledge and control over the weapon. We overrule point of error one.

## POINT OF ERROR TWO

In his second point of error, appellant argues that the evidence is factually insufficient to support the verdict. We disagree.

In reviewing the factual sufficiency of the evidence to support a conviction, we must look to all of the evidence "without the prism of 'in the light most favorable to the verdict.'" *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996) (*citing Stone v. State*, 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed)). However, our review is not unfettered, for we must give "appropriate deference" to the fact finder. *Id.* at 136. We may not impinge upon the fact finder's role as the sole judge of the weight and credibility of witness testimony. *See Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App.1997); *Dimas v. State*, 987 S.W.2d 152, 155 (Tex. App.—Fort Worth 1999, no pet.). The jury, as fact finder, was the judge of the facts proved and of reasonable inferences

to be drawn therefrom. *See Kirby v. Chapman*, 917 S.W.2d 902, 914 (Tex. App.—Fort Worth 1996, no pet.). We may set aside a verdict for factual insufficiency only when that verdict is so against the great weight and preponderance of the evidence so as to be clearly wrong and unjust. *See Clewis*, 922 S.W.2d at 134–35. ·If there is sufficient competent evidence of probative force to support the trial court's finding, a factual sufficiency challenge cannot succeed. *See D.R.H. v. State*, 966 S.W.2d 618, 622 (Tex.App.—Houston [14th Dist.] 1998, no pet.).

Appellant's sole contention in his defense was that the gun ˙ belonged to Guerrero. Because neither appellant nor Guerrero testified, the testimony concerning Guerrero's statements was elicited from Officer Aldredge. Aldredge testified that Guerrero could not identify the color of the bullets and that in his opinion the owner would know what kind of bullets were in the gun. Aldredge also testified that the gun was more readily accessible to appellant than to the passenger and that appellant had been acting suspiciously. The weight given to contradictory testimonial evidence is within the sole province of the jury, because it turns on an evaluation of credibility and demeanor. *See Cain v. State*, 958 S.W.2d 404, 408–09 (Tex.Crim. App.1997). Thus, due deference must be accorded to the fact finder's determinations, particularly those determinations concerning the weight and . credibility of the evidence. *See id.* at 408; *Jones v. State*, 944 S.W.2d 642, 648–49 (Tex.Crim. App.1996). Here, the jury decided to give more weight to Aldredge's in-court testimony than to Guerrero's out-of-court statements. The testimony as set forth under point one shows the existence of several affirmative links between appellant and the firearm. Accordingly, the verdict was not contrary to the great weight of the evidence. We find that the evidence sup-

porting the judgment was not so weak as to be manifestly unjust and clearly wrong. Therefore, we hold that the evidence is factually sufficient to support the judgment. Point two is overruled.

## POINT OF ERROR THREE

■ By point three appellant asserts that the trial court erred in overruling appellant's motion to suppress the firearm evidence. Appellant claims that the search of his vehicle was conducted in violation of his rights under the Fourth Amendment of the U.S. Constitution and Article 1, Section 9 of the Texas˙ Constitution. Because appellant consented to the search, we disagree.

■ One of the established exceptions to the warrant and probable cause requirements of the Fourth Amendment is a search conducted pursuant to consent. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Garcia v. State*, 887 S.W.2d 846, 851 (Tex.Crim.App.1994); *State v. Derrow*, 981 S.W.2d 776, 778 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd). Constitutional proscriptions against warrantless searches and seizures do not come into play when a person gives free and voluntary consent to a search. *See Brimage v. State*, 918 S.W.2d 466, 480 (Tex.Crim.App.1994) (voluntary consent to warrantless searches violates neither the United States or Texas Constitution, nor the laws of Texas). Officer Aldredge asked and received permission to search the lunge area of the vehicle, which is where he found the firearm.[2] Hence, any evidence the police obtained as a result of this search was properly obtained, and the trial court did not err in overruling appellant's motion to suppress. Point of error three is overruled.

## POINT OF ERROR FOUR

By point of error four, appellant claims that the prosecutor's final argument at the

2. Apart from consent, appellant's brief also raises a Davis challenge, *i.e.*, whether the officer has reasonable suspicion to extend the detention for the purpose of investigating a different offense than that for which appellant was originally stopped. *See Davis v. State*, 947 S.W.2d 240 (Tex.Crim.App.1997).

guilt/innocence stage was so improper as to deny appellant a fair and impartial trial. We disagree.

Appellant complains about the following arguments made by the prosecutor: (1) that the defense counsel was not pleased with the level of evidence the State brought to the jury; (2) that defense counsel is paid to be dissatisfied with the evidence that the State brings; (3) that you would expect the passenger in the automobile to testify; and (4) that it is possible for two people to possess an object at the same time.

■■■ The proper areas of jury argument are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answers to the argument of opposing counsel; and (4) pleas for law enforcement. *See Staley v. State,* 887 S.W.2d 885, 895 (Tex.Crim.App.1994). To determine the propriety of a prosecutor's argument, this court must consider the entire argument and not just isolated statements. *See Mosley v. State,* 686 S.W.2d 180, 183 (Tex.Crim.App.1985). Wide latitude is allowed without limitation in drawing inferences from the evidence, so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. *See Gaddis v. State,* 753 S.W.2d 396, 398 (Tex.Crim.App.1988). Error in the argument will not be reversible unless, in light of the record as a whole, the argument is extreme, manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused in the trial proceeding. *See Castillo v. State,* 939 S.W.2d 754, 761 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd).

■■■ Appellant first objects to the following part of the State's argument:

PROSECUTOR: I'm sorry that [defense counsel] was not pleased with the level of the evidence that the State brought you today.

DEFENSE COUNSEL: Your Honor, I would object. This is putting counsel in—a personal attack on counsel.

THE COURT: Overruled.

The prosecutor's remark that defense counsel was not pleased with the level of evidence that the State brought was in response to argument by defense counsel about the level and quality of evidence. Defense counsel began by saying no case was made against appellant but was instead made against his cousin, who was the passenger in the car. When talking about the law on possession, defense counsel again stated that the evidence showed that appellant's cousin and not appellant possessed the weapon. Defense counsel even stated that the State had put on a "shabby" case. All these statements show that defense counsel was highly dissatisfied with the evidence put forth by the State.

In *Shipp v. State,* 482 S.W.2d 870 (Tex. Crim.App.1972), the State gave the following argument:

PROSECUTOR: ... now, in listening to his argument about the only thing I am struck by is that he is not satisfied with the State's case. I don't think it very unusual. Defense lawyers are paid not to be. It is my experience that the more important the State's case is that we bring—

DEFENSE COUNSEL: Object to the State's attorney testifying to the jury unless it is coming from the stand.

THE COURT: Overruled.

The Court of Criminal Appeals held that this argument, virtually identical to the argument in the present case, represented permissible adversary argument. *See id.* at 871. We come to the same conclusion.

■■■ Appellant next objects to the following argument made by the State:

PROSECUTOR: And I will submit to you that [defense counsel] is the reason for not being satisfied with the evidence that the State of Texas brought you in this case because that's his job, ladies and gentlemen. He is paid to be dissatisfied.

DEFENSE COUNSEL: Objection, your Honor, that's an improper argument and counsel knows it.

THE COURT: Overruled.

Again, the prosecutor's statement is similar to the one addressed in *Shipp v. State.* We adopt the reasoning of *Shipp* and hold that the State's argument was not impermissible.

■■■■ Appellant bases his third objection to the State's argument on the following statements:

PROSECUTOR: And speaking of missing witnesses, where is Mr. Guerrero? Wouldn't you expect that the cousin of Mr. Corpus would come to testify?

DEFENSE COUNSEL: Your Honor, objection. That's trying to shift the burden from the State to the defendant.

THE COURT: Overruled.

Here, the prosecutor argued that one would expect the passenger in appellant's vehicle to testify. The State may comment on appellant's failure to call competent and material witnesses, and may also argue that the reason for such failure is that any such testimony would be unfavorable to the accused. *See McKenzie v. State,* 617 S.W.2d 211 (Tex.Crim.App. 1981); *Jones v. State,* 715 S.W.2d 778, 780 (Tex.App.—Houston [14th Dist.] 1986, no pet.). Because Louis Guerrero claimed that he owned the firearm, he would have been a material witness. Thus, the State made a proper argument.

■■■ Appellant's final objection to the State's argument stems from the following statements:

PROSECUTOR: ... and even if you would like to buy [defense counsel's] argument that it was Mr. Guerrero's gun, the defendant's furtive movements in conjunction with Mr. Guerrero's, both of their attitudes of nervousness. If two people are in the car smoking a joint, they are both possessing that joint.

DEFENSE COUNSEL: Objection. Your Honor, that's a misstatement of the law.

THE COURT: Overruled.

* * *

■■■ PROSECUTOR: As I said before, it is my contention not only one person can possess, but two people can possess. If you wish to buy [defense counsel's] argument ...

DEFENSE COUNSEL: Your Honor, I would object, there is no law of parties in the charge. He is arguing outside the facts and outside the charge.

THE COURT: Overruled.

Appellant asserts that this was an improper argument because the charge did not contain the law of parties. The Court of Criminal Appeals has long held that error in jury argument does not lie in going beyond the court's charge, but in stating law contrary to the same. *See State v. Renteria,* 977 S.W.2d 606, 608 (Tex.Crim. App.1998). That is, there is no error in correctly arguing the law, even if the law is not included in the court's charge. Thus, a claim that the prosecutor argued beyond the charge cannot, in and of itself, constitute improper jury argument. *See id.* In the instant case, the State's argument was not based on the law of parties. Rather, the State argued that two parties can jointly possess an object. This is a correct statement of the law. *See generally, Young,* 752 S.W.2d at 140 (possession of a firearm); *see also Tolley v. State,* 717 S.W.2d 334 (Tex.Crim.App.1986) (possession of stolen guns); *Vela,* 681 S.W.2d at 740 (possession of a shotgun). An individual can have sole or joint possession of a weapon so long as the evidence affirmatively links the accused to the weapon in such a manner and to such an extent that a reasonable inference may arise that defendant knew of the weapon and that he exercised control over it. *See Vela,* 681 S.W.2d at 740. The argument regarding joint possession did not affect the State's burden to prove that appellant was beyond

a reasonable doubt in actual care, custody, control or management of the firearm. As discussed under point of error one, the State proved an affirmative link between appellant and the firearm sufficient to establish a reasonable inference that appellant knew of the firearm's existence and its whereabouts and that he exercised control over it. Therefore, even assuming in the present case that the prosecutor's argument went beyond the jury charge, there was no error, as the prosecution properly argued the issue of joint possession to the jury.

Finding that the State's argument was proper, we overrule appellant's final point of error and affirm the judgment of the trial court.

J. EDELMAN concurs in the result only.

WITTIG, J., dissenting.

In affirming appellant's conviction, the majority opinion fails to address appellant's properly raised challenge to the search under *Davis v. State*, 947 S.W.2d 240 (Tex.Crim.App.1997) and TEX.TRANS. CODE ANN. § 543.005. Under *Davis*, the court of criminal appeals echoed the U.S. Supreme Court's holding that, "an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Davis*, 947 S.W.2d at 243 (quoting *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (emphasis omitted)). Further, "[t]his limitation means that once the reason for the stop has been satisfied, the stop may not be used as a 'fishing expedition for unrelated criminal activity.'" *Id.;* (quoting *Ohio v. Robinette*, 519 U.S. 33, 117 S.Ct. 417, 422, 136 L.Ed.2d 347 (1996) (Ginsburg, J., concurring)). The officer's right to detain a suspect is further limited by state law. Section 543.005 states that after the "arrestee" has signed the citation by promising to appear, the "officer shall then promptly release the person from custody." TEX.TRANS.CODE ANN. § 543.005.

In *Davis*, the officer observed that the driver of the vehicle he stopped for suspicion of DWI appeared "really" nervous, was traveling late at night in a borrowed car, was poorly dressed, and told a story that seemed inconsistent with that of the passenger. The court stated that, "even taking those facts as true, within the 'totality of the circumstances' and viewing them in the light most favorable to the trial court's ruling, they are not, as a matter of law, specific articulable facts which created a reasonable suspicion that criminal activity was afoot." *Davis*, 947 S.W.2d at 242 (quoting *Davis v. State*, 923 S.W.2d 781, 790 (Tex.App.—Beaumont 1996) (Burgess, J., dissenting)).

In *Sedani v. State*, 848 S.W.2d 314 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd), the defendant signed the traffic citation, which secured his promise to appear in court, then tore up the citation in front of the arresting officer. The officer, in turn, believed the defendant would not appear and arrested him. The subsequent search turned up contraband. The court, in interpreting the predecessor to section 543.005, held that, notwithstanding the defendant's offensive acts, once he signed the promise to appear, any further detention was illegal. *Id.* at 318.

Here, appellant had already signed the citation. Thus, under the dictates of section 543.005, unless the arresting officer had some recognizable and articulable basis for continuing appellant's detention, he was required to have released appellant from custody. However, the record reveals no basis for any further detention. In its factual recitation, the majority fails to note that Officer Aldredge admitted that appellant was generally polite, responsive, and that his license and insurance paperwork (once located) were all in order. He also stated that though appellant appeared nervous, he didn't "exactly know how." Also significant is the fact that although the officer stated concern for his safety, before he took the opportunity to

search for any weapons, he continued with "housekeeping" by getting appellant's phone number, social security number, place of employment, then going over the ticket with appellant and pointing out his court date, the location of the court, and how he could contact the court if he had any questions.

Thus, even taking the State's facts as true, within the "totality of the circumstances" and viewing them in the light most favorable to the trial court's ruling, the facts of this case yield nothing more suspicious than those found insufficient in *Davis, Sedani*, and the other above-cited cases. Therefore, I would hold there was no basis for any continued detention of appellant once he signed the citation.

The majority also holds that the court's refusal to suppress the evidence should be sustained because appellant voluntarily consented to the search. However, the State was required to prove the consent was voluntary by clear and convincing evidence. *See State v. Ibarra*, 953 S.W.2d 242, 243 (Tex.Crim.App.1997). The only evidence cited by the State that appellant's consent was voluntary is that the officer asked appellant if he could search the "lunge area," to which appellant stated, "you can go ahead and check the vehicle." This begs the relevant question, which is not whether appellant showed some manifestation of consent during the lawful detention, but whether there is clear and convincing evidence under all the circumstances that his consent was voluntarily given, particularly after the detention became unlawful. Because the State failed to meet this burden, I would hold the court abused its discretion in overruling appellant's motion to suppress. Therefore, I respectfully dissent.