Affirmed and Memorandum Opinion filed April 29, 2004









Affirmed and Memorandum Opinion filed April 29, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00854-CR

____________

 

LUISTO MEDINA, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 906,991

 



 

M EM O R A N D U M   O P I N I O N

The jury convicted appellant of possession
of a weapon by a felon and assessed punishment at five years= imprisonment and
a fine of $2,500.  In three points of
error, appellant contends (1) the evidence was legally and factually
insufficient to prove that he knowingly possessed a weapon and (2) the trial
court abused its discretion when it allowed the State to call a witness solely
to impeach her through otherwise inadmissible hearsay testimony; appellant
claims the court also abused its discretion when it denied his request for a
limiting instruction as to that testimony. 
We affirm.

 








FACTUAL BACKGROUND

On March 27, 2002, Officer Steven Fisher
of the Houston Police Department conducted surveillance of a convenience store
from across the street.  Officer Fisher
observed several cars arrive and about twenty people get out of the cars.  The people congregated around the store, and
appeared to be smoking marijuana and making gang signs at passing cars.

Believing there was probable cause of
marijuana possession, Officer Fisher called for a backup unit.  While waiting for the backup unit to arrive,
Officer Fisher observed appellant drive up in a Chevrolet Lumina.  He could not recall whether there was a
passenger in the car.  Appellant joined
the others congregating around the store.

The backup unit, consisting of Officer
Fite, his partner, and a constable, arrived at the store and detained everyone.[1]  Officer Fite searched the Lumina for
marijuana but was unable to find any. 
During his search, he observed a pistol underneath the car=s dashboard.  Officer Fite removed the pistol and arrested
appellant.

Appellant=s girlfriend,
Michelle Medina,[2]
was also present.  She informed Officer
Fite that the Lumina belonged to her, but she apparently did not make any
statement regarding who owned the car.  

ANALYSIS

I.        Sufficiency
of the Evidence.

In his first and second points of error,
appellant contends the evidence was legally and factually insufficient to prove
that he knowingly possessed a weapon.








In reviewing legal sufficiency, we view
the evidence in the light most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000); Jackson v. Virginia, 443 U.S. 307, 319
(1979).  We consider all of the evidence
which the jury was permitted, rightly or wrongly, to consider.  Thomas v. State, 753 S.W.2d 688, 695
(Tex. Crim. App. 1988).  The issue on
appeal is not whether we, as a court, believe the State=s evidence or
believe the appellant=s evidence outweighs the State=s evidence.  Wicker v. State, 667 S.W.2d 137, 143
(Tex. Crim. App. 1984).  The verdict may
not be overturned unless it is irrational or unsupported by proof beyond a
reasonable doubt.  Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991); see also Swearingen v.
State, 101 S.W.3d 89, 94 (Tex. Crim. App. 2003).

In reviewing factual sufficiency, we view
the evidence in a neutral light, and will reverse a conviction only if the
evidence supporting guilt is so obviously weak as to render the conviction
clearly wrong and manifestly unjust, or if that evidence, although adequate
when taken alone, is so greatly outweighed by the overwhelming weight of
contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Vasquez v. State, 67
S.W.3d 229, 236 (Tex. Crim. App. 2002). 
We consider all of the evidence the jury was permitted to consider.  Sells v. State, 121 S.W.3d 748, 754
(Tex. Crim. App. 2003); Morales v. State, 95 S.W.3d 561, 563 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d).








When an accused is not in exclusive
control of the place the firearm was found, the State must produce evidence
that affirmatively links the accused to the firearm.   Corpus v. State, 30 S.W.3d 35, 38
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  This evidence may be either direct or
circumstantial.  Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
Courts have identified numerous factors that may affirmatively link the
accused to the firearm, including whether (1) the firearm was in a car driven
by the accused, (2) the firearm was found on the same side of the car as the accused,
(3) the firearm was in a place owned by the accused, (4) the firearm was in
plain view, (5) the firearm was conveniently accessible to the accused, (6) the
firearm was found in an enclosed space, (7) the conduct of the accused
indicated a consciousness of guilt, (8) the accused has a special relationship
to the firearm, (9) occupants of the automobile gave conflicting statements
about relevant matters, and (10) affirmative statements connect the accused to
the firearm.  Corpus, 30 S.W.3d at
38; Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.CHouston [1st
Dist.] 1994, pet. ref=d). 
AThe number of
factors present is not as important as the logical force the factors have in
establishing the elements of the offense.@  Corpus, 30 S.W.3d at 38; Gilbert,
874 S.W.2d at 298.

Viewing the evidence in the light most
favorable to the verdict, several of these factors exist: the gun was in a car
driven by appellant; the gun was on the same side of the car as appellant; the
gun was conveniently accessible only to appellant; and the gun was found in an
enclosed place.  Additionally, there was
evidence that appellant owned a gun and that Medina, the car=s owner, did not
know that a gun was in her car.  Based on
this evidence, we cannot conclude that the jury=s verdict was
irrational.  The evidence was therefore
legally sufficient and we overrule appellant=s first point of
error.

Appellant contends this evidence was so
obviously weak as to render the jury=s verdict clearly
wrong and manifestly unjust.  Appellant
highlights several of the missing factors: 
the gun was not in plain view; appellant did not attempt to evade arrest
or otherwise indicate a consciousness of guilt; and the officers did not
attempt to preserve any fingerprints on the gun, nor was there any other
evidence demonstrating that appellant had any relationship to the gun found in
the car.  We do not find that these
missing factors render the jury=s verdict clearly
wrong and manifestly unjust.  The
evidence was therefore factually sufficient and we overrule appellant=s second point of
error.

II.       Impeachment
Evidence.

In his third point of error, appellant
contends the trial court abused its discretion (1) in allowing the State to
call a witness solely to impeach her through otherwise inadmissible hearsay
testimony and (2) in denying appellant=s request for a
limiting instruction as to that testimony. 
In particular, appellant complains that the State called Medina solely
to impeach her with hearsay testimony that she told Officer Fite the gun found
in her car was not hers.








However, appellant failed to timely
present either of his arguments to the trial court.  Appellant did not object that the State was
committing a subterfuge by calling Medina as a witness in order to introduce
otherwise inadmissible evidence; appellant only objected to one question asked
of Medina on the grounds that it was Aimproper
impeachment,@[3] and he did not
object to Officer Fite=s impeaching testimony.  Therefore, he failed to preserve for appeal
the argument that Medina was called solely to impeach her.  See Tex.
R. App. P. 33.1(a).  Appellant did
request a limiting instruction regarding the impeachment testimony, but this
request was made at the jury charge, not when the testimony was admitted, and
therefore the trial court did not err in denying the instruction.  See id. at 878; Arana v.
State, 1 S.W.3d 824, 829 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d) (AOnce evidence is
admitted without a proper limiting instruction, it becomes part of the general
evidence in the case and may be considered for all purposes.@).  We overrule appellant=s third point of
error.

We affirm the judgment of the trial court.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed April 29, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Officer
Fisher, who was working undercover, went to another location to remain
concealed.





[2]  Michelle
Medina and Luisto Medina, appellant, are unrelated.  Michelle Medina will be referred to as AMedina,@ whereas
Luisto Medina will be referred to as Aappellant.@ 





[3]  The question
objected to was, ASo, then, I guess, you don=t recall telling the officer it was not your gun.@  The objection
appears to be that the proper foundation for impeachment was not laid, Tex. Rule Evid. 613(a), not that Medina
was called solely to impeach her.