Affirmed and Opinion filed September 28, 2004









Affirmed and Opinion filed September 28, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01078-CR

 

______________________

 

 

LESTER CHARLES
JOSEPH,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 253rd
District Court

Chambers County, Texas

Trial Court Cause No. 11,416

 



 

O P I N I O N

Appellant, Lester Charles Joseph, pled guilty to possession
of a controlled substance, namely cocaine, with intent to deliver.  In accordance with appellant=s plea bargain, the trial court
assessed his punishment at 15 years= imprisonment in the Texas Department
of Criminal Justice, Institutional Division. 
In his sole point of error, appellant contends the trial court erred in
denying his motion to suppress. We affirm.








On May 10, 2000, Pablo Chavez, a trooper with the Texas
Department of Public Safety, observed appellant make an illegal lane
change.  While conducting the traffic
stop, Chavez noticed that appellant seemed nervous and was shaking.  Without being asked, appellant explained to
Chavez that he was coming from Ben Taub Hospital where he had been visiting his
sister, Wilma.  Further investigation
revealed the car was rented.  Taking note
of appellant=s passenger, Chavez asked appellant
about the other occupant of his automobile. 
Appellant said the passenger was his cousin.  Chavez then proceeded to question the
passenger, who told the trooper he was appellant=s Abuddy.@ 
Chavez observed the passenger also seemed nervous and would not make eye
contact with him.  Chavez then asked the
passenger for the name of appellant=s sister, and he hesitantly replied ADarlene.@ 
After the passenger made several more responses which directly
conflicted with appellant=s story, Chavez ran a background check on appellant.  When Chavez discovered that appellant had
been less than candid regarding his criminal background, Chavez asked if he
could search the vehicle.  Appellant
unequivocally gave his consent for a search. 
During the search, Chavez found cocaine located in the vehicle=s center console.

In his sole point of error, appellant seems to contend that
the search was improper because it was not supported by probable cause.  However, appellant does not challenge the
validity of the initial traffic stop. 
Chavez testified that he observed appellant change lanes without
signaling.  Such conduct constitutes a
criminal offense, and appellant does not argue otherwise.  Tex.
Transp. Code Ann. ' 545.104 (Vernon 1999). 
Rather, appellant contends Trooper Chavez had no probable cause to
believe there was contraband in the vehicle and, therefore, he was not
authorized to seek consent to search. 
However, a police officer may, without any probable cause or reasonable
suspicion, approach a citizen and ask him for permission to search his
automobile.  James v. State, 102
S.W.3d 162, 173  (Tex. App.CFort Worth  2003, pet. ref=d). 
In fact, consent to search is a well‑established exception to the
warrant and probable cause requirements of the Fourth Amendment and Article I,
section 9 of the Texas Constitution. 
Corpus v. State, 30 S.W.3d 35, 39 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).








Accordingly, appellant=s sole point of error is overruled,
and the judgment of the trial court is affirmed.

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed September 28, 2004.

Panel consists of
Chief Justice Hedges and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.2(b).