**Affirmed and Memorandum Opinion filed January 9, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00027-CR

---

## ERIC EUGENE GOOSBY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 183rd District Court
### Harris County, Texas
### Trial Court Cause No. 1352083

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant of possession of a weapon by a felon. The conviction was enhanced with two prior felony convictions. The trial court sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for twenty-five years. In a single issue, appellant claims the evidence was insufficient to prove that he knowingly and intentionally possessed a firearm. We disagree and affirm.

BACKGROUND

The night of the incident, gun shots were heard near Texas Southern University ("TSU"). Officer Archie, a patrol officer for TSU, received a call from the dispatcher that described an individual on the TSU premises with a weapon or firearm. Officer Archie saw a person matching the suspect's description and watched him place an object behind a tree. Officer Archie identified appellant as that person. Andre Wagner, a TSU graduate student, testified that he saw appellant drop a black object under a tree. Officer Archie and Wagner testified the area was well-lit and they had an unobstructed view.

Another security officer approached the area. Officer Archie called to appellant to stop but he immediately fled. Officer Archie pursued. Wagner and the security officer approached the tree and found a black handgun lying on top of the mulch. Nothing else was under the tree.

Officer Archie chased appellant approximately one-half of a mile, to the student center. Appellant was found hiding behind an ice machine. Appellant resisted arrest and during the struggle, shouted to the officers, "I was shooting at them because they were shooting at me."

ANALYSIS

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 899 (Tex. Crim. App. 2010)(plurality op.); *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). In cases involving possession of a firearm by a felon, we analyze the sufficiency of the evidence under the rules adopted for cases involving possession of a controlled substance. *Corpus v. State,*

30 S.W.3d 35, 37 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Accordingly, the State was required to prove that appellant knew of the weapon's existence and that he exercised actual care, custody, control, or management over it. *Id.* at 38. If the firearm is not found on the defendant, or if it is not in his exclusive possession, the State must offer additional, independent facts and circumstances affirmatively linking him to the firearm. *Poindexter v. State,* 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). The purpose of affirmatively linking the accused to the firearm is to protect innocent bystanders from conviction based solely on their fortuitous proximity to the firearm. *Id.*

Numerous factors have been identified that constitute "affirmative links" between the accused and the contraband. *Corpus,* 30 S.W.3d at 38. Factors that may establish affirmative links, as applicable to the case at bar, include whether: (1) the contraband was in a place owned by the accused; (2) the contraband was conveniently accessible to the accused; (3) the contraband was in plain view; (4) the contraband was found in an enclosed space; (5) the conduct of the accused indicated a consciousness of guilt; (6) the accused has a special relationship to the contraband; and (7) affirmative statements connect the accused to the contraband. *Id.* The logical force the factors have in establishing the elements of the offense is more important than the number of factors present. *Id.*

In the present case, the following evidence affirmatively links appellant with the gun:

- in a public place, eyewitnesses saw appellant place an object under a tree;

- one eyewitness, along with the security officer, stayed with the gun under the tree while the other eyewitness chased appellant to the student center;

3

- immediately thereafter, the only object found under that tree was the gun;

- appellant fled from the location; and

- when found, appellant stated he "was shooting at them..."

From this evidence, a rational juror could have found that appellant placed the gun in plain view under the tree. Appellant's flight indicated a consciousness of guilt and his statement upon being found connects him to the gun. The evidence establishes appellant's connection to the gun, not merely fortuitous proximity. Accordingly, we conclude that a rational juror could have found beyond a reasonable doubt that appellant exercised care, custody, control, or management over the gun. Accordingly, we overrule appellant's issue.

## CONCLUSION

Having overruled appellant's issue on appeal, we affirm the trial court's judgment.

/s/     John Donovan
Justice

Panel consists of Justices McCally, Busby, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).