**Affirmed and Memorandum Opinion filed August 4, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00433-CR

---

**MICHAEL JAMES PERRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1421833**

---

## M E M O R A N D U M   O P I N I O N

Appellant Michael James Perry appeals his conviction for unlawful possession of a firearm by a felon. Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was driving a car with an unregistered license plate and wheels sticking out unlawfully beyond the wheel well, prompting Deputy Alex Chapa of the Harris County Sheriff's Department to initiate a traffic stop. Appellant had a female passenger in the car with him. The patrol vehicle's video camera captured the episode. Appellant did not have a driver's license or other identification, and the deputy smelled marihuana when he approached appellant's car. The deputy asked appellant to get out of the car so that the deputy could verify appellant's identity and search the vehicle for drugs.

At trial, Deputy Chapa testified that he saw a gun in the panel right next to the driver's seat when appellant opened the door to get out of the car. The deputy described the gun as being in plain view when the door was open. When the deputy said he was going to search the car, appellant disclosed there was a gun in the car but said it did not belong to him. Appellant said the car belonged to his aunt, he had called his aunt to tell her he was being pulled over, and during that call she told him, for the first time, that there was a gun in the car. Appellant told the deputy conflicting stories about where appellant was going, first that he was on his way to make a music video and later that he was running an errand and dropping off his passenger.

After getting appellant out of the car, Deputy Chapa radioed the officers coming to assist him to inform them a gun was present at the scene. When the second officer arrived, Deputy Chapa removed the loaded gun from the panel beside the driver's seat and cleared it. After running appellant's information, Deputy Chapa discovered appellant was a felon who was not allowed to possess a firearm.

At trial, Francessa Byars, appellant's girlfriend and the mother of his child, testified on appellant's behalf. Byars said she was the owner of the car, but that appellant drove it often. Byars also owned the gun, which she had purchased a few months before. Byars testified that she had put the gun under the driver's seat earlier that morning because she planned to go to the shooting range with it. According to Byars, she forgot about the gun when she let appellant borrow the car, so she did not tell him the gun was under the seat. Byars testified that she was the one appellant called when he was being pulled over and, at that point, she remembered the gun and told appellant for the first time that it was under the seat.

Indicted for unlawful possession of a firearm by a felon, *see* Tex. Penal Code Ann. § 46.04(a) (West 2011), appellant pleaded "not guilty." The indictment alleged that appellant had been convicted of felony forgery in 2011 and included an enhancement paragraph alleging appellant had been convicted of aggravated robbery with a deadly weapon in 2004. The State entered two prior judgments against appellant to establish these convictions. The State also introduced test results verifying the gun was a functional firearm. Evidence showed the State conducted no latent fingerprint examination on the weapon.

The jury convicted appellant of possession of a firearm by a felon, found the allegations in the enhancement paragraph to be true, and assessed punishment at fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $750 fine. Appellant filed a motion for new trial, which was overruled by operation of law. Appellant now appeals his conviction, challenging the sufficiency of the evidence.

## II.   ANALYSIS

In asserting his sufficiency challenge, appellant argues that the evidence does not establish the elements of possession—that he (1) knew of the firearm's existence and (2) exercised care, custody, or control over it. *See Corpus v. State*, 30 S.W.3d 35, 37–38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The jury "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the jury resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *Murray*, 457 S.W.3d at 448.

To establish unlawful possession of a firearm by a felon, the State must show that the accused was convicted of a prior felony offense and possessed a firearm after the conviction and within five years of his release from confinement or from community supervision, parole, or mandatory supervision, whichever date

is later. Tex. Penal Code Ann. § 46.04(a) (West 2011). Appellant challenges only the possession element of the offense.

Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. Tex. Penal Code Ann. § 6.01(b) (West 2011). The Penal Code defines "possession" as "actual care, custody, control, or management." Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2015). In cases involving possession of a firearm by a felon, we analyze the sufficiency of the evidence under the rules adopted for cases involving possession of a controlled substance. *Corpus*, 30 S.W.3d at 37. Accordingly, the State had to prove that appellant (1) knew of the firearm's existence and (2) exercised care, custody, control, or management over the firearm. *Id.* at 38. The State may prove possession through direct or circumstantial evidence, although the evidence must establish that the accused's connection with the weapon was more than fortuitous. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005).

When, as in this case, the accused did not hold exclusive possession of the place where the contraband was found, the State must show additional facts and circumstances affirmatively linking the accused and the contraband. *Id.* at 406; *Roberts v. State*, 321 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it. *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The State may establish affirmative links by the totality of the circumstances. *Id.*

Factors that may establish affirmative links between the accused and the contraband include the following:

- the contraband was in a car driven by the accused;

5

- the contraband was in a place owned by the accused;
- the contraband was conveniently accessible to the accused;
- the contraband was in plain view;
- the contraband was found in an enclosed space;
- the contraband was found on the same side of the car as the accused;
- the conduct of the accused indicated a consciousness of guilt;
- the accused has a special relationship to the contraband;
- occupants of the vehicle gave conflicting statements about relevant matters; and
- affirmative statements connect the accused to the contraband.

*Corpus*, 30 S.W.3d at 38. No set formula necessitates a finding of an affirmative link sufficient to support an inference of knowing possession. *Hyett*, 53 S.W.3d at 830. The number of factors present is not as important as the logical force the factors create to prove the accused knowingly possessed the contraband. *Corpus*, 30 S.W.3d at 38. Additionally, the absence of various links does not constitute evidence of innocence to be weighed against the links present. *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976).

Appellant contends the evidence is insufficient because there was no evidence that appellant moved, hid, or touched the gun; the gun was not tested for fingerprints; the evidence that the gun was in plain view was speculative; there was no evidence appellant entered the car through the driver-side door; appellant did not own the car; appellant was cooperative; and appellant did not act particularly nervous or guilty.

Appellant has neglected to view the evidence, as we must, assuming the jury resolved conflicts in favor of the prevailing party. *See Turro*, 867 S.W.2d at 47. The record contains circumstantial evidence from which the jury reasonably could have concluded that appellant moved, hid, or touched the gun. When Deputy

6

Chapa approached the car, he observed appellant "moving around a lot." When appellant stepped out of the car, the deputy "saw a weapon in the driver panel right next to the driver's seat." According to the deputy, the pistol was not "underneath the seat." But, Byars testified that when she loaned her car to appellant, she left the gun under the driver's seat. The jury was entitled to believe this evidence and reasonably could have concluded based on the evidence that, because appellant was sitting in the driver's seat and the gun was moved moved from under the seat to the side panel of the driver's side, appellant moved the gun.

Thus, the jury had ample affirmative links between appellant and the gun. The gun was in a car entrusted to appellant and driven by appellant. The gun was not only readily accessible to appellant, but also, because it was on his side of the car, it was inaccessible to the passenger. The gun was in plain view. Finally, Byars stated that appellant called her as he was being pulled over and so appellant learned at that moment that there was a weapon in the car. But, when initially speaking to the deputy, appellant gave no "indication that there was a firearm in the vehicle."

It is true that Byars also claimed that the gun belonged to her. But this testimony does not make the evidence legally insufficient because we presume that the jury discredited the witness's testimony on this point. *See Turro*, 867 S.W.2d at 47; *Carr v. State*, 477 S.W.3d 335, 339 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). The jury was entitled to believe this evidence, but it was not required to do so. A jury could have found that Byars (appellant's girlfriend and mother of his child) had a motive to testify in appellant's favor. The jury, by its verdict, rejected the alternate scenario that appellant proffers. *See Evans v. State*, 202 S.W.3d 158, 165 (Tex. Crim. App. 2006).

Viewing the evidence in the light most favorable to the verdict, a trier of fact reasonably could have determined beyond a reasonable doubt that (1) appellant knew there was a gun in the car and (2) the gun found beside the driver's seat was within appellant's actual care, custody, control, or management. *See Evans*, 202 S.W.3d at 165–66; *Corpus*, 30 S.W.3d at 38; *Roberts*, 321 S.W.3d at 549–50. Accordingly, we conclude the evidence is legally sufficient to support appellant's conviction.

We overrule appellant's issue and affirm the trial court's judgment.


/s/      Kem Thompson Frost
         Chief Justice


Panel consists of Chief Justice Frost and Justices McCally and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).