**Affirmed and Memorandum Opinion filed August 27, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00545-CR

---

### RODERICK DEWAYNE KINDLE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 461st District Court
Brazoria County, Texas
Trial Court Cause No. 93791-CR**

---

## MEMORANDUM OPINION

Appellant Roderick Dewayne Kindle appeals his conviction for unlawful possession of a firearm by a felon. A jury found appellant guilty and assessed his punishment at 10 years in prison. In a single issue on appeal, appellant challenges the sufficiency of the evidence to support the conviction. We affirm.

## *Background*

At trial, the arresting officer testified that he encountered appellant when he initiated a traffic stop of a vehicle appellant owned and was driving at the time. Another male was sitting in the front passenger seat. The officer smelled marijuana emanating from the vehicle during the traffic stop. Although appellant admitted at the scene that he had marijuana in the car, he denied having any weapons in the car. When the officer subsequently searched the vehicle, he discovered two backpacks on the backseat, one white, one black. In the white backpack, the officer found a few pieces of mail with appellant's name on them, among other things. In the black backpack, the officer found clothing at the top of the backpack and a handgun at the bottom alongside an identification card with appellant's name on it.

The officer further testified that appellant said, "It's in her name," apparently referring to the gun, but the officer said appellant did not expressly deny knowing the gun was in the backpack. The officer ran the serial number of the gun in a database and discovered it had been reported stolen a few weeks beforehand to the Houston Police Department by a woman named Isidore. Isidore's name also appeared on pill bottles found in the vehicle, and appellant told the officer that he and Isidore were in a "relationship." Appellant asserted that the black backpack belonged to Isidore and offered to call her for the officer, but the officer declined the offer. The officer further recounted that he learned Isidore had at one point loaned a vehicle to appellant while the gun was in it, and appellant had returned the vehicle but not the gun. Isidore had reportedly asked appellant several times where the gun was, but he had neither returned the weapon nor responded, so she reported it stolen.

The officer acknowledged that no fingerprints had been pulled from the gun but said that there was no reason to test it for prints. He said that nothing in the

black backpack tied the gun to anyone else. Video recorded from the officer's bodycam was also admitted into evidence and played for the jury.

### *Governing Law*

In assessing sufficiency of the evidence in a criminal case, we view all the evidence presented at trial in the light most favorable to the trial court's decision and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Id*. This standard applies equally to circumstantial and direct evidence. *Id*. Each fact need not point directly and independently to the appellant's guilt so long as the cumulative effect of all incriminating facts is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

As charged in this case, Penal Code section 46.04 provides that a person who has been convicted of a felony commits an offense if he possesses a firearm at any location other than the premises at which he lives. Tex. Penal Code § 46.04(a)(2). The Code defines "possession" as "actual care, custody, control, or management." *Id*. § 1.07(a)(39). Possession is voluntary if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *Id*. § 6.01(b).

In cases involving possession of a firearm by a felon, we analyze the sufficiency of the evidence under the rules adopted for cases involving possession

of a controlled substance. *Corpus v. State*, 30 S.W.3d 35, 37 (Tex. App.—Houston [14th Dist.] 2000, pet ref'd). Accordingly, the State had to prove appellant: (1) knew of the firearm's existence and (2) exercised care, custody, control, or management over the firearm. *Id*. at 38. Although the State may prove possession through direct or circumstantial evidence, the evidence must establish that the accused's connection with the weapon was more than merely fortuitous. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015).

When, as here, the accused is not in exclusive control of the place the weapon was found, "there must be independent facts and circumstances linking the accused to the contraband." *Corpus*, 30 S.W.3d at 38. Affirmative links to the firearm may circumstantially establish an accused's knowing possession of a firearm including, without limitation: (1) his presence when a search is conducted; (2) whether the firearm was in plain view; (3) whether the firearm was in close proximity to him and he had access to the firearm; (4) whether he had a special connection to the firearm; (5) whether he possessed other contraband when arrested; (6) whether he made incriminating statements when taken into custody; (7) whether he attempted to flee; (8) whether he made furtive gestures; (9) whether he owned or had the right to possess the place where the firearm was found; (10) whether the place where the firearm was found was enclosed; (11) whether conflicting statements on relevant matters were given by the persons involved; and (12) whether his conduct indicated a consciousness of guilt. *See Evans v. State*, 202 S.W.3d 158, 162 & n.12 (Tex. Crim. App. 2006). The absence of any of these links does not constitute evidence of innocence to be weighed against the links present. *Williams v. State*, 313 S.W.3d 393, 398 (Tex. App.—Houston [1st Dist.]

4

2009, pet. ref'd). Instead, we measure the sufficiency of the evidence by looking to the logical force of all of the evidence, rather than just counting the number of links in a given case. *See id.*

*Analysis*

Appellant acknowledged that he had previously been convicted of at least one felony and does not dispute that element of the offense. Instead, he challenges the sufficiency of the evidence to establish that he was in knowing possession of a firearm.

This is not a difficult case. A firearm was found in a backpack in appellant's car. Appellant had been driving the car before it was pulled over and the firearm discovered. The backpack, in which the firearm was found, was discovered behind the driver's seat, so appellant would have had easy access to it. Appellant's identification card was also found inside the backpack alongside the firearm. The person to whom the firearm reportedly belonged had recently reported it stolen and, indeed, had suggested that appellant had taken the firearm and never returned it. All these facts serve to affirmatively link appellant to the firearm. Taken together, this evidence established that appellant knew that the firearm was in the backpack and exercised actual care, custody, control, or management over it and that his relationship with the weapon was more than just fortuitous. *Poindexter*, 153 S.W.3d at 405–06; *Corpus*, 30 S.W.3d at 38.

Appellant makes a few observations and arguments regarding the evidence. He notes that the gun was found at the bottom of the backpack and was covered by clothing, which he seems to suggest indicates that it was not readily accessible to him. It should be remembered, however, that the gun was found beside appellant's identification card. Appellant also emphasizes that the gun apparently belonged to someone named Isidore who had reported it stolen, suggests that Isidore may have

5

left the gun in the backpack, and points out that the officer declined to contact Isidore. It should be recalled, however, that the evidence indicated Isidore reported the gun may have been stolen *by appellant*. Appellant also suggests that the only thing linking appellant to the gun was his identification card, which he suggests was an old identification card because the officer acknowledged appellant gave him an identification card at the beginning of the traffic stop. The evidence of affirmative links, however, is not so limited. As discussed, the gun was found in a backpack immediately behind appellant with his identification card (old or not) in a car that appellant was driving and owned, and the gun had been reported stolen by appellant.

Viewing the evidence in the light most favorable to the verdict, we conclude a rational factfinder could have found beyond a reasonable doubt that appellant knowingly possessed the firearm. *See Jackson*, 443 U.S. at 319; *Corpus*, 30 S.W.3d at 38; *see also Garner v. State*, No. 14-16-00916-CR, 2018 WL 1057596, at \*5 (Tex. App.—Houston [14th Dist.] Feb. 27, 2018, no pet.) (mem. op., not designated for publication) (holding that despite evidence tending to distance defendant from firearm, affirmative links evidence was sufficient to support finding defendant possessed gun); *Brown v. State*, No. 14–12–01035–CR, 2013 WL 6237341, at \*2 (Tex. App.—Houston [14th Dist.] Dec. 3, 2013, pet. ref'd) (mem. op., not designated for publication) (holding evidence sufficient to support possession of firearm finding where weapon was found in upstairs attic above hallway where appellant was apprehended). We overrule appellant's sole issue.

We affirm the trial court's judgment.

/s/ Frances Bourliot
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).