**Francisco DIMAS, Appellant,**

v.

**The STATE of Texas, State.**

Nos. 2–97–566–CR, 2–97–567–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 28, 1999.

Rehearing Overruled April 8, 1999.

William Reagan Wynn, Kearney & Westfall, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Danielle A. LeGault, Bill Durkin, Asst. Criminal Dist. Attys., Fort Worth, for appellee.

Before DAY, LIVINGSTON, and BRIGHAM, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

In addition to discovering large sums of cash and a cache of drugs in appellant's garage and attached garage apartment, officers found two loaded assault rifles in the apartment and a pistol (collectively "weapons") in the main residence. Appellant pleaded guilty to charges of possession and possession with intent to distribute cocaine, but pleaded "not true" to allegations that the weapons were used or exhibited in the commission of the charged offenses.

Appellant argues on appeal that even if the State proved possession of the weapons, it failed to prove he "used" the weapons under article 42.12, 3g(a)(2) of the code of criminal procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2) (Vernon Supp.1999). Because we find the evidence both legally and factually sufficient, we affirm.

## I. FACTS

During a raid of appellant's home, police discovered 26 pounds of marihuana in the rafters of the garage and several grams of cocaine in an attached garage apartment. With the cocaine, officers found two loaded semi-automatic assault rifles. Officers also discovered a pistol in the home's master bedroom.

Appellant was charged with possession of marihuana in excess of five pounds but less than fifty pounds, and possession of cocaine with intent to deliver in excess of four grams, but less than 200 grams. Each indictment alleged that appellant used or exhibited a deadly weapon during the commission of the charged offense.

At trial, appellant entered an open plea of guilty to each offense, but pleaded "not true" to the deadly weapons allegations. The court found appellant guilty of both offenses, but deferred ruling on the weapons allegations. The court ordered a pre-sentencing investigation report and continued the proceeding until such report was available. When the punishment hearing resumed, appellant and an arresting officer testified regarding the weapons allegation. The trial court, finding a sufficient nexus between the weapons and the charged offenses, entered a deadly weapon finding for each offense.

## II. DISCUSSION

### A. LEGAL SUFFICIENCY

#### 1. Background

In his first point, appellant contends that the evidence is legally insufficient to sustain a finding that a deadly weapon was used or exhibited in violation of article 42.12, section 3g(a)(2) of the code of criminal procedure. *See id.* Rather than solely arguing the evidence was legally insufficient, appellant challenges the trial court's definition of "use." He argues that the definition applied in his prosecution was implicitly overruled or called into question by the United States Supreme Court in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). A brief overview of the applicable case law is a necessary backdrop to our discussion of his argument.

In *Patterson v. State,* 769 S.W.2d 938 (Tex. Crim.App.1989), officers raided a home during a drug sale and discovered Patterson seated on a sofa with drugs, drug paraphernalia, and cash. *Id.* at 939. Patterson remained seated, but immediately informed officers that a pistol was lodged between his leg and the armrest, but that he had no intention of using it. *See id.*

On appeal, Patterson argued that no evidence showed he had "used" or "exhibited" the weapon. *Id.* at 940. Stated differently, because the weapon was not in view, there was no threat involving the weapon. *See id.*

The issue before the court of criminal appeals was, in the absence of any threat, whether a weapon was "used or exhibited" as required by article 42.12, section 3g(a)(2). *See id.* Construing article 42.12 and citing federal decisions construing 18 U.S.C. § 924(c)(1), a similar statute, the court held that simple possession of a gun, *if it facilitated the associated felony,* was sufficient to satisfy "use of a weapon." *Id.* at 941 (citing *United States v. La Guardia,* 774 F.2d 317 (8th Cir.1985); *United States v. Moore,* 580 F.2d 360 (9th Cir.1978), *cert. denied,* 439 U.S.

970, 99 S.Ct. 463, 58 L.Ed.2d 430 (1978); *United States v. Grant,* 545 F.2d 1309 (2d Cir.1976), *cert. denied,* 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 554 (1977)).

However, in 1995, the United States Supreme Court held that mere possession was insufficient to satisfy the "use" requirement of the federal statute. *See Bailey,* 516 U.S. 137, *passim,* 116 S.Ct. 501, *passim.* There, Bailey was detained as part of a routine traffic stop; however, officers quickly discovered drugs in the car's interior. *See id.* at 138–39, 116 S.Ct. at 503. A complete search of the vehicle revealed a pistol in the trunk. *See id.* at 139–41, 116 S.Ct. at 504.

The Court undertook a statutory analysis and determined that "use" required some active employment of a weapon. *See id.* at 143–45, 147–49, 116 S.Ct. at 506, 508. In its analysis, the Court stated that non-active employment—mere possession—was akin to "storage" or "placement," neither of which were proscribed. *See id.* at 147–49, 116 S.Ct. at 508. Therefore, it reasoned that Bailey's possession or the mere proximity of the pistol to the drugs was insufficient to sustain the finding. *See id.* at 149–51, 116 S.Ct. at 509.

■ Appellant argues that *Bailey* overruled or, at a minimum, undermined the decisions on which *Patterson* is founded; therefore, we should apply the "active employment" definition of use. We do not find *Bailey* controlling. In *Bailey* the conviction was for violation of a federal statute, whereas appellant's conviction is premised on state law. While the statutes are similar in their language, at best, *Bailey* is instructive. *Cf. Heitman v. State,* 815 S.W.2d 681, 690 (Tex. Crim.App.1991) (holding that interpretation of the Federal Constitution does not require identical interpretation of the Texas Constitution). Thus, we do not find that *Bailey* overruled *Patterson.*

■ Furthermore, the court of criminal appeals in two post-*Bailey* decisions applied *Patterson.* As noted by the State, in each of those decisions, the court reiterated that

mere possession is enough *if it facilitates the associated offense. See Whatley v. State,* 946 S.W.2d 73, 76 (Tex.Crim.App.1997); *Hill v. State,* 913 S.W.2d 581, 583 (Tex.Crim.App. 1996); *see also Wade v. State,* 951 S.W.2d 886, 889 (Tex.App.—Waco 1997, rev. ref'd). Therefore, we will apply *Patterson.*

## 2. Application

■ We are presented with weapons in two locations—the assault rifles in the garage apartment and the pistol in appellant's bedroom. The legal sufficiency of the evidence is a question of law. We are to view the evidence in the light most favorable to the judgment. *See Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State,* 819 S.W.2d 839, 846 (Tex. Crim.App.1991); *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The judgment may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *See Matson,* 819 S.W.2d at 846.

Appellant admitted that the cocaine and the marihuana were his. Officers found "dope notes,"[1] rifles, and cocaine all in the same room. The rifles were loaded, readily accessible, and within inches of the cocaine. And while the pistol was located in the main home, away from the drugs, Donald Harris, supervisor of special operations for the Tarrant County Sheriff's Narcotics [Department], testified that it was customary for drug dealers to have firearms and "use" them to protect themselves, their drugs, and their money.

We find that any rational trier of fact could have found, beyond a reasonable doubt, that the appellant (1) possessed 26 pounds of marihuana, (2) possessed with intent to distribute between four and 200 grams of cocaine, (3) had knowledge of and access to the weapons,

---

1. Appellant admitted that these were his notes and that they listed sales of drugs and whether

appellant was owed money.

and (4) used these weapons to facilitate the care, custody, and protection of the drugs. Thus, we hold that the evidence is legally sufficient to find appellant "used" the weapons to facilitate the commission of the associated drug offenses. Point number one is overruled.

## B. FACTUAL SUFFICIENCY

In his second point, appellant challenges the factual sufficiency of the evidence to support the judgment. In reviewing the factual sufficiency of the evidence to support a conviction, we are to view "all the evidence without the prism of 'in the light most favorable to the prosecution.'" *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996) (citing *Stone v. State*, 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed)). We may only set aside the judgment if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.* In performing this review, we are to give "appropriate deference" to the fact finder. *Id.* at 136.

### 1. Assault Rifles Evidence

Appellant admitted the drugs and the notes were his. But appellant claims that he didn't own the rifles, was unaware they were in the apartment, and had no access to them. Harris testified that the rifles were readily accessible, loaded, and within inches of the cocaine. Further, appellant's notes were found in the same room. Items of clothing with appellant's nickname were also found in the room.

Appellant was uncertain how the drugs and notes got into the apartment, but he did not deny having access to them. When questioned regarding who owned the rifles, appellant asserted they belonged to a friend of his wife; however, he was unaware of that friend's identity. Finally, appellant testified that his employees occupied the apartment; consequently, he had no access to the rifles. Nonetheless, appellant testified that his wife had access to the apartment and that she had helped her "unknown" friend store the rifles inside. Harris testified that officers investi-

gated and eliminated the possibility that the employees resided in the apartment.

### 2. Pistol Evidence

Appellant also claims nothing connects the pistol, found in his bedroom, to the drugs located in the garage and apartment. He asserts that he never used the pistol and that his wife owned it.

■ We begin by noting ownership is not necessary to a finding of whether a person "used or exhibited" a deadly weapon in violation of article 42.12. Harris confirmed that the pistol was found in the main residence, separate from either cache of drugs, but he testified that it was common for drug dealers to have firearms and that the dealers often "use" weapons to protect themselves, their drugs, and their money. He then attested to the large amount of drugs and cash found at the address.

### 3. Application

■ Our review is not to impinge upon the fact finder's role as the sole judge of the weight and credibility of witness testimony. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim.App.1997). The weight given to contradictory testimonial evidence is within the sole province of the jury, because it turns on an evaluation of credibility and demeanor. *See Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim.App.1997). Thus, we must defer to the fact finder's weight-of-the-evidence determinations. *See id.* at 408. Thus, after reviewing all of the evidence in this case, we do not find the judgment so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We hold that the evidence is factually sufficient to support the judgments. Appellant's second point is overruled.

## III. CONCLUSION

Because we find the trial court properly applied the definition of "use" found in *Patterson*, we hold the evidence legally and fac-

tually sufficient to support the judgments. We affirm the trial court's judgments.