COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-102-CR
  
  
PHILLIP D. DENBOW                                                              APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
  
 
------------
 
FROM THE 396TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Phillip D. Denbow appeals from his conviction for possession with the intent to 
deliver, and delivery of a controlled substance, namely methamphetamine, over 
400 grams, and an affirmative deadly weapon finding. In two points, he 
challenges the legal and factual sufficiency to support the jury’s verdict and 
deadly weapon finding. We affirm the trial court’s judgment as modified.
Facts
        Appellant 
agreed to sell two pounds of methamphetamine to undercover police officer Stan 
Davis. Officer Davis agreed to meet at appellant’s home in Mansfield to buy 
the drugs for $16,000. Officer Davis testified that he never planned to bring 
the $16,000 to appellant’s house because the police intended to arrest 
appellant once appellant delivered the drugs to Officer Davis.
        Appellant 
and Officer Davis agreed that Officer Davis should arrive at appellant’s house 
on December 5, 2001 to buy the drugs.[2]  When 
Officer Davis arrived, appellant opened the door and motioned Officer Davis to 
the office at the back of the house. Officer Davis noticed that appellant was 
carrying a blue vinyl bag with the name “Justin” on it. Once in the office, 
appellant opened the bag and Officer Davis saw that it contained vacuum-sealed 
bags full of a “pinkish rocklike substance,” which was ultimately determined 
to be methamphetamine. Appellant handed the bag of drugs to Officer Davis, and 
Officer Davis then handed it back to appellant, saying that he had to go get the 
money out of his truck.
        When 
Officer Davis left the house, he gave the “bust signal” to police officers 
stationed outside. Approximately two minutes elapsed before the officers entered 
appellant’s home with a search warrant. Two members of the SWAT team, Officer 
Jim Hughes and Detective Barry Moore, went to the back of appellant’s property 
as the other police officers entered through the front door. Officer Hughes and 
Detective Moore caught appellant and another man, identified as Saul Sanchez, 
escaping through the back door and window of appellant’s house. The police 
arrested appellant and found a loaded, semiautomatic pistol in the waistband of 
appellant’s pants.
        The 
jury found appellant guilty of possession with the intent to deliver and 
delivery of a controlled substance, namely methamphetamine, of 400 grams or 
more. See Tex. Health & Safety 
Code Ann. § 481.112(a) (Vernon 2003). Additionally, the jury found that 
appellant used or exhibited a deadly weapon during the commission of the charged 
crimes. In the written judgment, the trial court imposed a punishment of 
thirty-five years’ confinement and a $5,000 fine for count one and thirty-five 
years’ confinement for count two, to be served concurrently. In both points, 
appellant challenges the legal and factual sufficiency of the evidence to 
support the jury’s verdict.
Legal and Factual Sufficiency Standards of Review
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to 
weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When 
performing a legal sufficiency review, we may not sit as a thirteenth juror, 
re-evaluating the weight and credibility of the evidence and, thus, substituting 
our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. See 
Zuniga v. State, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 
2004). The only question to be answered in a factual sufficiency review is 
whether, considering the evidence in a neutral light, the fact finder was 
rationally justified in finding guilt beyond a reasonable doubt. Id. at 
*7. There are two ways evidence may be factually insufficient: (1) the evidence 
supporting the verdict or judgment, considered by itself, is too weak to support 
the finding of guilt beyond a reasonable doubt; or (2) when there is evidence 
both supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt. Id. “This standard acknowledges that evidence of 
guilt can ‘preponderate’ in favor of conviction but still be insufficient to 
prove the elements of the crime beyond a reasonable doubt.” Id. In 
other words, evidence supporting a guilty finding can outweigh the contrary 
proof but still be insufficient to prove the elements of an offense beyond a 
reasonable doubt. Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses. Id. at *4; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997). We may not substitute our judgment for that of 
the fact finder’s. Zuniga, 2004 WL 840786, at *4.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at *7, 9. An opinion addressing factual sufficiency must include a discussion of 
the most important and relevant evidence that supports the appellant’s 
complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 
2003).
Delivery and Possession
Count Two (Legal and 
Factual Sufficiency Challenge)
        In 
his first point, appellant argues that the evidence is legally and factually 
insufficient to prove delivery of a controlled substance as charged in count two 
of the indictment because there was not actual delivery of the methamphetamine.
        Count 
two of the indictment alleged that appellant knowingly delivered to Officer 
Davis a controlled substance, namely methamphetamine, by actually transferring 
the controlled substance. Appellant argues that actual transfer of the drugs 
never occurred because he never completely and unequivocally relinquished 
possession of the drugs to Officer Davis. However, the court of criminal appeals 
has held that the transfer of drugs need not be unequivocal or prolonged in 
order to constitute an actual transfer. Nevarez v. State, 767 S.W.2d 766, 
768-69 (Tex. Crim. App. 1989).
        In 
Nevarez, an undercover police officer took the bag of drugs from the 
codefendant and tore it open to inspect it. Id. at 767. The court held 
that this act constituted “real possession and control” of the drugs, 
“[r]egardless of whether [the defendants] subsequently refused to allow the 
officers to remove the bag of marihuana.” Id. at 768. The “actual 
transfer” of the drugs in Nevarez occurred the instant that the officer 
physically took and inspected the marihuana offered him by the codefendant. Id. 
The fact that the officer eventually backed away from the contraband did not 
vitiate the transfer which had already taken place. Id. A prolonged 
possession or extensive control of the drugs on the part of the transferee is 
not required to find that an actual transfer has occurred. Id.
        Here, 
Officer Davis testified that appellant handed the bag of drugs to him for 
inspection. Officer Davis then handed the bag back to appellant, ostensibly to 
go outside to get the money to pay for the drugs. The evidence was not too weak 
to support the jury’s finding that appellant delivered the drugs to Officer 
Davis by actual transfer, regardless of the fact that Davis handed the bag back 
to appellant. See id. at 767-68. We hold that the evidence as to count 
two was legally and factually sufficient to support the finding of guilt.
Count One (Factual 
Sufficiency Challenge)
        Additionally, 
appellant argues in his first point that the evidence is factually insufficient 
to prove possession with the intent to deliver as charged in count one of the 
indictment because the methamphetamine was not actually in appellant’s 
possession. Count one of the indictment alleged that appellant knowingly 
possessed a controlled substance, namely methamphetamine of over 400 grams, with 
the intent to deliver. Appellant bases his argument on the fact that, although 
Officer Davis testified that he saw appellant with the bag of drugs, the blue 
vinyl bag containing the methamphetamine was found in a planter box under the 
office window, near a shed in appellant’s back yard. Appellant contends that 
this discrepancy renders the verdict contrary to the weight of the evidence. We 
disagree.
        The 
testimony presented at trial showed that appellant exited the back door of the 
house when fleeing from the police. The police found the blue vinyl bag full of 
drugs only four to five feet from the back door. Based upon Officer Davis’s 
testimony and the close proximity of the drugs to appellant as he escaped out 
the back door of his home, we hold that the evidence was not too weak to support 
the finding that appellant actually possessed the drugs with the intent to 
distribute them. The evidence was factually sufficient to support the finding of 
guilt as to count one. Appellant’s first point is overruled.
Deadly Weapon
        In 
his second point, appellant complains that the evidence is factually 
insufficient to support the jury’s deadly weapon finding because there was 
contradicting evidence as to whether the gun was found in appellant’s 
waistband or in the bedroom closet.
        A 
deadly weapon finding is a finding: that a deadly weapon was used or exhibited 
during the commission of, or immediate flight from, a felony. Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 3g(a)(2) (Vernon Supp. 2004). The Texas Penal Code defines a “deadly 
weapon” as “a firearm or anything manifestly designed, made, or adapted for 
the purpose of inflicting death or serious bodily injury.” Tex. Penal Code Ann. §1.07(a)(17)(A) 
(Vernon Supp. 2004-05); Thomas v. State, 821 S.W.2d 616, 618 (Tex. Crim. 
App. 1991).
        Officer 
Mack Bennett, the SWAT unit commander, testified that he found State’s exhibit 
ten, a loaded silver automatic pistol, in appellant’s waistband. Criminal 
Investigator Ernie Van Der Leest, who gathered evidence at the crime scene, 
testified that Officer Davis handed him that gun at the scene. Van Der Leest 
also took possession of another gun, State’s exhibit fourteen, from 
appellant’s computer table. However, Van Der Leest’s investigation notes 
indicate that Exhibit Fourteen was taken from appellant’s closet.
        Appellant 
does not distinguish the two guns and argues that the contradictions regarding 
where the guns were found render the evidence factually insufficient to support 
the deadly weapon finding. We disagree.
        Mere 
possession of a weapon is enough to constitute use of a weapon in commission of 
a felony if it facilitates the associated offense. Dimas v. State, 987 
S.W.2d 152, 153-55 (Tex. App.—Fort Worth 1999, pet ref’d). “[A] rational 
trier of fact could find that appellant 'used' the firearm during the commission 
of the felony offense of possessing the contraband, in a sense that the firearm 
protected and facilitated appellant's care, custody, and management of the 
contraband.” Patterson v. State, 769 S.W.2d 938, 942 (Tex. Crim. App. 
1989). Regardless of the fact that one weapon was found either at the computer 
table or in the closet, Officer Bennett’s testimony that he found a loaded gun 
in appellant’s waistband is sufficient to support the jury’s deadly weapon 
finding that appellant used the gun during the commission of the offense. We 
hold that the evidence was not too weak to support the jury’s deadly weapon 
finding. We overrule appellant’s second point.
State’s Cross-Point
        In 
one cross-point, the State asks us to modify the trial court’s judgment to 
reflect the trial court’s oral pronouncement of sentence. The trial court’s 
written judgment imposes a fine of $5,000 as to count one, but not as to count 
two. At trial, however, the trial court orally imposed “a fine of $5,000 in 
each case.” “When there is a conflict between the oral pronouncement of 
sentence and the sentence in the written judgment, the oral pronouncement 
controls.“ Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). 
We sustain the State’s cross-point and modify the judgment to reflect that a 
$5,000 fine is imposed in each case.
Conclusion
        Having 
overruled both of appellant’s points, we affirm the trial court’s judgment 
as modified.
    
   
                                                                  PER 
CURIAM
    
  
PANEL F:   LIVINGSTON, 
DAUPHINOT, and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: August 24, 2004


NOTES
1. See Tex. R. App. P. 47.4.
2.  
Officer Davis, pretending to be interested in appellant’s Corvette, first met 
appellant outside appellant’s home on November 6, 2001. Between that date and 
the date of appellant’s arrest, appellant and Officer Davis discussed the sale 
of methamphetamine on over fifteen different occasions.