DENBOW V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-102-CR

PHILLIP D. DENBOW APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Phillip D. Denbow appeals from his conviction for possession with the intent to deliver, and delivery of a controlled substance, namely methamphetamine, over 400 grams, and an affirmative deadly weapon finding. In two points, he challenges the legal and factual sufficiency to support the jury’s verdict and deadly weapon finding.  We affirm the trial court’s judgment as modified.

Facts

Appellant agreed to sell two pounds of methamphetamine to undercover police officer Stan Davis.  Officer Davis agreed to meet at appellant’s home in Mansfield to buy the drugs for $16,000.  Officer Davis testified that he never planned to bring the $16,000 to appellant’s house because the police intended to arrest appellant once appellant delivered the drugs to Officer Davis. Appellant and Officer Davis agreed that Officer Davis should arrive at appellant’s house on December 5, 2001 to buy the drugs.
(footnote: 2)  When Officer Davis arrived, appellant opened the door and motioned Officer Davis to the office at the back of the house.  Officer Davis noticed that appellant was carrying a blue vinyl bag with the name “Justin” on it.  Once in the office, appellant opened the bag and Officer Davis saw that it contained vacuum-sealed bags full of a “pinkish rocklike substance,” which was ultimately determined to be methamphetamine.  Appellant handed the bag of drugs to Officer Davis, and Officer Davis then handed it back to appellant, saying that he had to go get the money out of his truck. 

When Officer Davis left the house, he gave the “bust signal” to police officers stationed outside.  Approximately two minutes elapsed before the officers entered appellant’s home with a search warrant.  Two members of the SWAT team, Officer Jim Hughes and Detective Barry Moore, went to the back of appellant’s property as the other police officers entered through the front door.  Officer Hughes and Detective Moore caught appellant and another man, identified as Saul Sanchez, escaping through the back door and window of appellant’s house.  The police arrested appellant and found a loaded, semiautomatic pistol in the waistband of appellant’s pants. 

The jury found appellant guilty of possession with the intent to deliver and delivery of a controlled substance, namely methamphetamine, of 400 grams or more.  
See 
Tex. Health & Safety Code Ann.
 § 481.112(a) (Vernon 2003).  Additionally, the jury found that appellant used or exhibited a deadly weapon during the commission of the charged crimes.  In the written judgment, the trial court imposed a punishment of thirty-five years’ confinement and a $5,000 fine for count one and thirty-five years’ confinement for count two, to be served concurrently.  In both points, appellant challenges the legal and factual sufficiency of the evidence to support the jury’s verdict. 

Legal and Factual Sufficiency Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at *7.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at *4; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
2004 WL 840786, at *4.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at *7, 9.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Delivery and Possession 

Count Two (Legal and Factual Sufficiency Challenge)

In his first point, appellant argues that the evidence is legally and factually insufficient to prove delivery of a controlled substance as charged in count two of the indictment because there was not actual delivery of the methamphetamine. 

Count two of the indictment alleged that appellant knowingly delivered to Officer Davis a controlled substance, namely methamphetamine, by actually transferring the controlled substance.  Appellant argues that actual transfer of the drugs never occurred because he never completely and unequivocally relinquished possession of the drugs to Officer Davis.  However, the court of criminal appeals has held that the transfer of drugs need not be unequivocal or prolonged in order to constitute an actual transfer.  
Nevarez v. State
, 767 S.W.2d 766, 768-69 (Tex. Crim. App. 1989).

In 
Nevarez
, an undercover police officer took the bag of drugs from the codefendant and tore it open to inspect it.  
Id. 
at 767.  The court held that this act constituted “real possession and control” of the drugs, “[r]egardless of whether [the defendants] subsequently refused to allow the officers to remove the bag of marihuana.”  
Id. 
at 768.  The “actual transfer” of the drugs in 
Nevarez
 occurred the instant that the officer physically took and inspected the marihuana offered him by the codefendant.  
Id.
  The fact that the officer eventually backed away from the contraband did not vitiate the transfer which had already taken place.  
Id.
  A prolonged possession or extensive control of the drugs on the part of the transferee is not required to find that an actual transfer has occurred.
  Id.

Here, Officer Davis testified that appellant handed the bag of drugs to him for inspection.  Officer Davis then handed the bag back to appellant, ostensibly to go outside to get the money to pay for the drugs.  The evidence was not too weak to support the jury’s finding that appellant delivered the drugs to Officer Davis by actual transfer, regardless of the fact that Davis handed the bag back to appellant.  
See id.
 at 767-68.  We hold that the evidence as to count two was legally and factually sufficient to support the finding of guilt.

Count One (Factual Sufficiency Challenge)

Additionally, appellant argues in his first point that the evidence is factually insufficient to prove possession with the intent to deliver as charged in count one of the indictment because the methamphetamine was not actually in appellant’s possession.  Count one of the indictment alleged that appellant knowingly possessed a controlled substance, namely methamphetamine of over 400 grams, with the intent to deliver.  Appellant bases his argument on the fact that, although Officer Davis testified that he saw appellant with the bag of drugs, the blue vinyl bag containing the methamphetamine was found in a planter box under the office window, near a shed in appellant’s back yard.  Appellant contends that this discrepancy renders the verdict contrary to the weight of the evidence.  We disagree.

The testimony presented at trial showed that appellant exited the back door of the house when fleeing from the police.  The police found the blue vinyl bag full of drugs only four to five feet from the back door.  Based upon Officer Davis’s testimony and the close proximity of the drugs to appellant as he escaped out the back door of his home, we hold that the evidence was not too weak to support the finding that appellant actually possessed the drugs with the intent to distribute them.  The evidence was factually sufficient to support the finding of guilt as to count one.  Appellant’s first point is overruled. 

Deadly Weapon

In his second point, appellant complains that the evidence is factually insufficient to support the jury’s deadly weapon finding because there was contradicting evidence as to whether the gun was found in appellant’s waistband or in the bedroom closet.

A deadly weapon finding is a finding: that a deadly weapon was used or exhibited during the commission of, or immediate flight from, a felony.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 3g(a)(2) (Vernon Supp. 2004).  The Texas Penal Code defines a “deadly weapon” as “a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury.”  
Tex. Penal Code Ann. 
§1.07(a)(17)(A) (Vernon Supp. 2004-05); 
Thomas v. State
, 821 S.W.2d 616, 618 (Tex. Crim. App. 1991).

Officer Mack Bennett, the SWAT unit commander, testified that he found State’s exhibit ten, a loaded silver automatic pistol, in appellant’s waistband.  Criminal Investigator Ernie Van Der Leest, who gathered evidence at the crime scene, testified that Officer Davis handed him that gun at the scene.  Van Der Leest also took possession of another gun, State’s exhibit fourteen, from appellant’s computer table.  However, Van Der Leest’s investigation notes indicate that Exhibit Fourteen was taken from appellant’s closet.

Appellant does not distinguish the two guns and argues that the contradictions regarding where the guns were found render the evidence factually insufficient to support the deadly weapon finding.  We disagree.  

Mere possession of a weapon is enough to constitute use of a weapon in commission of a felony if it facilitates the associated offense.  
Dimas v. State
, 987 S.W.2d 152, 153-55 (Tex. App.—Fort Worth 1999, pet ref’d).  “[A] rational trier of fact could find that appellant 'used' the firearm during the commission of the felony offense of possessing the contraband, in a sense that the firearm protected and facilitated appellant's care, custody, and management of the contraband.”  
Patterson v. State
, 769 S.W.2d 938, 942 (Tex. Crim. App. 1989).  Regardless of the fact that one weapon was found either at the computer table or in the closet, Officer Bennett’s testimony that he found a loaded gun in appellant’s waistband is sufficient to support the jury’s deadly weapon finding that appellant used the gun during the commission of the offense.  We hold that the evidence was not too weak to support the jury’s deadly weapon finding.  We overrule appellant’s second point.

State’s Cross-Point

In one cross-point, the State asks us to modify the trial court’s judgment to reflect the trial court’s oral pronouncement of sentence.  The trial court’s written judgment imposes a fine of $5,000 as to count one, but not as to count two.  At trial, however, the trial court orally imposed “a fine of $5,000 in each case.”  “When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls.“  
Taylor v. State
, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  We sustain the State’s cross-point and modify the judgment to reflect that a $5,000 fine is imposed in each case.

Conclusion

Having overruled both of appellant’s points, we affirm the trial court’s judgment as modified.

PER CURIAM

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 24, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Officer Davis, pretending to be interested in appellant’s Corvette, first met appellant outside appellant’s home on November 6, 2001.  Between that date and the date of appellant’s arrest, appellant and Officer Davis discussed the sale of methamphetamine on over fifteen different occasions.