Opinion filed February 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed February 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00148-CR 

                                                     __________

 

                              BILLY
TERRELL WILLIAMS, Appellant

 

                                                            V.

 

                                       STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 410th District Court

 

                                                   Montgomery
County, Texas

 

                                          Trial
Court Cause No. 05-10-09463-CR

 



 

                                                                  O
P I N I O N

 

The
jury convicted appellant of possession of a controlled substance and unlawful
possession of a firearm by a felon.  The trial court assessed his punishment at
confinement for a term of ten years in the Institutional Division of the Texas
Department of Criminal Justice on each of the offenses with the sentences to
run concurrently.  Appellant challenges his convictions in two issues.  We
affirm.

                                                               Background
Facts








In
the early morning hours of September 29, 2005, Officer Michael Stowe of the
Conroe Police Department conducted a patrol of a high-crime area of the city. 
He observed a pickup parked on the wrong side of the road.  See Tex. Transp. Code Ann. ' 545.303(a) (Vernon Supp.
2007).  He also observed that the pickup was parked more than eighteen inches
away from the curb.  Id.  Officer Stowe observed appellant in the driver=s seat and another male as
a passenger in the vehicle.  Appellant attempted to walk away from the vehicle
when Officer Stowe made contact with the vehicle=s
occupants.  Officer Stowe recognized appellant from previous encounters between
the two. 

After
instructing appellant to stand behind the pickup, Officer Stowe spoke with the
male sitting in the passenger-side seat.  Officer Stowe observed that the passenger
appeared to be very intoxicated.  However, Officer Stowe did not detect the
smell of alcohol on the passenger.  After removing the passenger from the
vehicle, Officer Stowe examined the interior of the pickup with the aid of a
flashlight through the open passenger-side door.  Officer Stowe observed the
butt of a handgun underneath the driver-side seat of the pickup.

Officer
Stowe subsequently arrested appellant for possession of a firearm by a felon. 
He arrested the passenger for public intoxication.  Appellant and the passenger
were placed into the backseat of Officer Stowe=s
patrol car for transport to jail.  Upon removing appellant from the patrol car
at the jail, Officer Stowe retrieved a plastic bag containing cocaine from the
backseat floorboard area of the patrol car where appellant=s feet had been located
while he was inside the patrol car.

Appellant
testified in his own behalf at trial.  He stated that the pickup belonged to
the passenger and that he was driving the passenger home because the passenger
was intoxicated. Appellant denied knowing that the gun was inside of the
pickup.  He also denied possession of the drugs that Officer Stowe found in the
back of the patrol car.

                                                                         Issues

Appellant
challenges the legal and factual sufficiency of the evidence supporting his
convictions in his second issue.  In his first issue, he alleges that the trial
court erred in denying his motion to suppress Officer Stowe=s discovery of the
firearm.  

                                                        Sufficiency
of the Evidence








In
order to determine if the evidence is legally sufficient, we must review all of
the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006) (overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim.
App. 2004)); Johnson v. State, 23 S.W.3d 1, 10‑11 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404, 407‑08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, we must determine whether the evidence supporting the verdict is so weak
that the verdict is clearly wrong and manifestly unjust or whether the verdict
is against the great weight and preponderance of the conflicting evidence.  Watson,
204 S.W.3d at 414‑15; Johnson, 23 S.W.3d at 10‑11. We must
also give due deference to the jury=s
determinations of fact, particularly those determinations concerning the weight
and credibility of the evidence. Johnson, 23 S.W.3d at 8‑9.

Appellant
bases his evidentiary challenge to the drug possession conviction on the
contention that he was not the sole occupant of the backseat area of the patrol
car where the drugs were found.  He argues that the evidence more strongly
points to the passenger as the source of the drugs based upon the passenger=s intoxication by a non-alcohol
substance.  In cases involving unlawful possession of a controlled substance,
the State must prove that the accused exercised care, custody, control, or
management over the substance and that the accused knew the matter possessed
was contraband.  Tex. Health &
Safety Code Ann. '
481.002(38) (Vernon Supp. 2007); Poindexter v. State, 153 S.W.3d 402,
405 (Tex. Crim. App. 2005); Martin v. State, 753 S.W.2d 384, 387 (Tex.
Crim. App. 1988).  The State does not have to prove the accused had exclusive
possession of the contraband; joint possession is sufficient to sustain a
conviction.  Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). 
When the accused is not shown to have had exclusive possession of the place
where the contraband was found, the evidence must affirmatively link the
accused to the contraband.  Pollan v. State, 612 S.W.2d 594, 596
(Tex. Crim. App. 1981).  The Court of Criminal Appeals has recently stated that
the legal issue with respect to such Alinks@ is Awhether there was evidence of circumstances,
in addition to mere presence, that would adequately justify the conclusion that
the defendant knowingly possessed the substance.@
Evans v. State, 202 S.W.3d 158, 161‑62 n.9 (Tex. Crim. App. 2006).








While
the passenger had presumably been in possession of a controlled substance at
some point given his intoxicated state, the other facts point toward appellant
as the source of the drugs found in the patrol car.  We initially note that
Officer Stowe testified that he inspected the backseat area of his patrol car
prior to beginning his shift.  He also inspected the backseat area with his
flashlight before placing appellant into the patrol car.  Officers conducted a
more thorough search of the passenger than they did of appellant before placing
them in the backseat of the patrol car.  In this regard, the passenger was only
wearing a T-shirt and boxer shorts at the time of the arrest while appellant
was fully clothed.  Officer Stowe testified that the passenger was a large
person and that he could barely move inside of the patrol car with his hands handcuffed
behind him.  Conversely, appellant fidgeted during the entire trip from the
arrest scene to the jail.  Officer Stowe discovered the drugs on the side of
the backseat floorboard where appellant sat.  Additionally, Officer Stowe
testified that appellant was initially talkative at the jail but that he
stopped talking when Officer Stowe reported the discovery of the drugs.

Appellant
bases his evidentiary challenge to the firearm possession conviction on the
fact  that he was driving his intoxicated friend home in the friend=s vehicle.  We analyze the
sufficiency of the evidence to prove possession of a firearm by a felon under
the rules adopted for determining the sufficiency of the evidence in cases of
possession of a controlled substance.  Bollinger v. State, 224 S.W.3d
768, 773 (Tex. App.CEastland
2007, pet. ref=d); Nguyen
v. State, 54 S.W.3d 49, 52 (Tex. App.CTexarkana
2001, pet. ref=d). 
The State must prove the following:  (1) that the accused exercised actual
care, control, or custody of the firearm; (2) that he was conscious of his
connection with it; and (3) that he possessed the firearm knowingly or
intentionally.  Bollinger, 224 S.W.3d at 773.  The State does not have
to prove that the accused had exclusive possession of the firearm; joint
possession is sufficient to sustain a conviction.  Cude, 716 S.W.2d at
47; Bollinger, 224 S.W.3d at 774.  The State can meet its burden with
direct or circumstantial evidence, but it must establish that the defendant=s connection with the
firearm was more than fortuitous.  Brown v. State, 911 S.W.2d  744, 747
(Tex. Crim. App. 1995); Bollinger, 224 S.W.3d at 774.








When
the firearm is not found on the accused=s
person or is not in the accused=s
exclusive possession, additional facts must affirmatively link the accused to
the firearm. Bollinger, 224 S.W.3d at 774; Jones v. State, 963
S.W.2d 826, 830 (Tex. App.CTexarkana
1998, pet. ref=d). 
Factors that may establish affirmative links include the following: whether the
firearms were in a car driven by the accused, whether the firearms were in a
place owned by the accused, whether the firearms were conveniently accessible
to the accused, whether the firearms were found in an enclosed space, and
whether the accused made any affirmative statement connecting him to the
firearms.  Bollinger, 224 S.W.3d at 774; Corpus v. State, 30
S.W.3d 35, 38 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d). 
No set formula of facts exists to dictate a finding of affirmative links
sufficient to support an inference of knowing possession. Bollinger, 224
S.W.3d at 774; Taylor v. State, 106 S.W.3d 827, 830 (Tex. App.CDallas 2003, no pet.). 
Officer Stowe found the firearm underneath the driver=s seat of the pickup.  Thus, the firearm was
located in an area that was readily accessible by appellant.  Furthermore, the
firearm was visible to the vehicle=s
occupants because Officer Stowe observed it from his position of standing in
the passenger-side doorway.

We
conclude that any rational trier of fact could have found that appellant
possessed the drugs and the firearm beyond a reasonable doubt.  Furthermore,
the evidence supporting the convictions was not so weak that the verdicts are
clearly wrong and manifestly unjust and the conflicting evidence is not so
great as to outweigh the evidence supporting the verdicts.  Appellant=s denial that he knowingly
possessed the drugs or the firearm is primarily a credibility question that was
within the province of the jury to accept or reject.  Appellant=s second issue is
overruled.

                                                               Motion
to Suppress

We
review a trial court=s
ruling on a motion to suppress evidence for an abuse of discretion. Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  In reviewing a trial
court=s ruling on a
motion to suppress raising a Fourth Amendment claim, appellate courts must give
great deference to the trial court=s
determination of historical facts while reviewing the trial court=s application of Fourth
Amendment search and seizure law de novo. Torres v. State, 182 S.W.3d
899, 902 (Tex. Crim. App. 2005); Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  An appellate court must view the evidence in the light most
favorable to the trial court=s
ruling.  State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  We
also give deference to the trial court=s
rulings on mixed questions of law and fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 89. 
Where such rulings do not turn on an evaluation of credibility and demeanor, we
review the trial court=s
actions de novo.  Id.; Myers v. State, 203 S.W.3d 873, 879 (Tex.
App.CEastland 2006,
pet. ref=d).  

Appellant
asserts in his first issue that the trial court erred in overruling his motion
to suppress Officer Stowe=s
discovery of the firearm.  He argues that the gun was not in plain view and
that Officer Stowe lacked probable cause to conduct a warrantless search of the
pickup.  Appellant also contends that Officer Stowe=s examination of the pickup=s interior did not
constitute a valid search incident to arrest.  We disagree with appellant=s analysis of Officer Stowe=s actions.








Officer
Stowe testified that he leaned inside of the pickup and illuminated its
interior in order to conduct a protective search for weapons.  During the
course of a temporary detention, an officer may conduct a limited search for
weapons if reasonably warranted for his safety or the safety of others. Terry
v. Ohio, 392 U.S. 1, 27 (1968).  The search may include the passenger
compartment of an automobile if the police officer possesses a reasonable
belief based on specific and articulable facts which, taken together with the
rational inferences from those facts, reasonably warrant the officer in
believing that the suspect is dangerous and that the suspect may gain immediate
control of weapons.  Michigan v. Long, 463 U.S. 1032, 1050‑51
(1983).  Officer Stowe testified that he knew appellant from previous
encounters and that he knew that appellant was a convicted felon.  Officer
Stowe also testified that he knew appellant was an aggressive person.  Officer
Stowe further testified that the area where the stop occurred was a high-crime
area and that there were other persons near the scene.  Based upon this
testimony, the trial court concluded that Officer Stowe was justified in making
a protective sweep of the vehicle for weapons.  We conclude that the trial
court did not abuse its discretion in making this determination.  Moreover,
Officer Stowe conducted his protective sweep of the vehicle after he determined
that the passenger was intoxicated.  AOnce
an officer determines that there is probable cause to make an arrest, it is
reasonable to allow officers to ensure their safety and to preserve evidence by
searching the entire passenger compartment [of an automobile].@  Glazner v. State,
175 S.W.3d 262, 265 (Tex. Crim. App. 2005).  Appellant=s first issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

February 14, 2008                                                                               TERRY
McCALL

Do not publish.  See Tex. R. App. P. 47.2(b).                         JUSTICE

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.