ACCEPTED
12-15-00007-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/10/2015 10:20:10 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-15-00007-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
6/10/2015 10:20:10 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

CHRISTOPHER THURMAN,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 007-1224-14
FROM THE 7TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE KERRY RUSSELL, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
   Christopher Thurman

APPELLANT'S TRIAL COUNSEL:
   John Jarvis
   326 South Fannin
   Tyler, Texas 75702
   903-592-6576

APPELLANT'S APPELLATE COUNSEL
   James Huggler
   100 E. Ferguson, Suite 805
   Tyler, Texas 75702
   903-593-2400
   903-593-3830 (fax)

APPELLEE
   The State of Texas

APPELLEE'S TRIAL COUNSEL
   Bryan Jiral
   Jeff Wood
   Smith County Criminal District Attorney's Office
   100 N. Broadway, 4th Floor
   Tyler, Texas 75702
   903-590-1720
   903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
   Michael West
   Smith County Criminal District Attorney's Office
   100 N. Broadway, 4th Floor
   Tyler, Texas 75702
   903-590-1720
   903-590-1719 (fax)

## TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Issue One: The evidence regarding intentional or knowing possession of a firearm was legally insufficient to support the verdict.

    Issue Two: By entering a finding of guilt, prior to receiving any evidence as to punishment, the trial court foreclosed deferred adjudication as a possible sentence violating his right to due process of law under the United States Constitution.

    Issue Three: By entering a finding of guilt, prior to receiving any evidence as to punishment, the trial court foreclosed deferred adjudication as a possible sentence violating his right to due course of law under the Texas Constitution.

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A. Standard of Review on Sufficiency. . . . . . . . . . . . . . . . . . . . . . . . 7

  B. Law Regarding Possession. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

  C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . 11

  D. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ISSUE TWO, RESTATED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

ISSUE THREE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

  A. The Law Requires a Neutral Tribunal. . . . . . . . . . . . . . . . . . 14

  B. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . . 15

  C. Structural Error Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . 17

  D. Remedy and Relief Requested.. . . . . . . . . . . . . . . . . . . . . . . 18

PRAYER FOR RELIEF.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

## CONSTITUTIONS

U.S. CONST. Amend. XIV.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

TEX. CONST. art. I, §19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14


## STATUTES

TEX. PENAL CODE ANN. § 2.01 (West 2012).. . . . . . . . . . . . . . . . . . . . . 8

TEX. PENAL CODE ANN. § 12.42(a) (West 2012). . . . . . . . . . . . . . . . . . . 2

Tex. Penal Code Ann. §46.04(a)(1) (West 2012). . . . . . . . . . . . . . . . . . 1


## CASES

Arizona v. Fulminante, 4449 U.S. 279, 111 S. Ct. 1246,
    113 L.Ed.2d 302 (1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Bollinger v. State, 224 S.W.3d 768 (Tex. App. –
    Eastland 2007, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010).. . . . . . . . . . . . 7

Ex parte Brown, 158 S.W.3d 449 (Tex. Crim. App. 2005). . . . . . . . 14, 15

Brown v. State, 911 S.W.2d 744 (Tex. Crim. App. 1995). . . . . . . . . . . . 9

Brumit v. State, 206 S.W.3d 639 (Tex. Crim. App. 2006). . . . . . . 14, 15

Corpus v. State, 30 S.W.3d 35 (Tex. App. – Houston
    [14th Dist.] 2000, pet. ref'd).. . . . . . . . . . . . . . . . . . . . . . . 10, 12

Davis v. State, 93 S.W.3d 664 (Tex. App. –
    Texarkana 2002, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L.Ed.2d (1973). 14

Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App. – Houston
    [1st Dist.] 1994, pet. ref'd). . . . . . . . . . . . . . . . . . . . 10, 12, 13

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,

61 L.Ed.2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

<u>Johnson v. State</u>, 871 S.W.2d 183 (Tex. Crim. App. 1993). . . . . . . . . 7, 8

<u>Jones v. State</u>, 963 S.W.2d 826 (Tex. App. – Texarkana
    1998, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Lagrone v. State</u>, 84 Tex. Crim. 609, 209 S.W. 411 (1919). . . . . . . . . . 15

<u>McClenan v. State</u>, 661 S.W.2d 108 (Tex. Crim. App. 1983). . . . . . . . . 15

<u>Porter v. State</u>, 873 S.W.2d 729 (Tex. App. – Dallas 1994, pet. ref'd). . . 9

<u>Texeira v. State</u>, 89 S.W.3d 190 (Tex. App. – Texarkana
    2002, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

<u>Tibbs v. Florida</u>, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218,
    72 L. Ed. 2d 652 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Wallace v. State</u>, 932 S.W.2d 519 (Tex. App. – Tyler 1995, pet. ref'd). . 9

<u>RULES</u>
TEX. R. APP. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

TEX. R. APP. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NO. 12-15-00007-CR

| | | |
|---|---|---|
| CHRISTOPHER THURMAN APPELLANT | § § § | IN THE COURT OF APPEALS |
| VS. | § § | 12TH JUDICIAL DISTRICT |
| THE STATE OF TEXAS, APPELLEE | § § § | TYLER, TEXAS |

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS
AND THE JUSTICES THEREOF:

Christopher Thurman ("Appellant"), by and through his attorney of

record, James Huggler, and pursuant to the provisions of TEX. R. APP.

PROC.38, et seq., respectfully submits this brief on appeal.

STATEMENT OF THE CASE

Appellant was indicted for the felony offense of unlawful possession

of a firearm by a felon.   I CR 4.[1]  TEX. PENAL CODE ANN. §46.04(a)(1)

---

[1]

References to the Clerk's Record are designated "CR" with a roman numeral preceding CR
specifying the correct volume and an arabic numeral following "CR" specifying the correct page
in the record.

1

(West 2012). The punishment range for this offense was enhanced to a second degree felony range with the inclusion of one prior felony offenses. I CR 4. TEX. PENAL CODE ANN. §12.42(a) (West 2012).

On June 27, 2012, the trial court began a bench trial in the case on the issue of guilt. V RR 48.[2] Following the conclusion of evidence, the court found Mr. Thurman guilty of the offense. V RR 130.

After hearing the punishment phase testimony, the court found the enhancement paragraphs to be true, and sentenced Appellant to 15 years' confinement in the Texas Department of Criminal Justice, Institutional Division. I CR 74-75; VI RR 39.

Notice of appeal was timely filed on January 12, 2015. I CR 57. This brief is timely filed on or before June 10, 2015.

---

[2] References to the Reporter's Record are made with the notation "RR" with a roman numeral preceding RR indicating the correct volume and an arabic numeral following specifying the correct page.

## ISSUES PRESENTED

Issue One: The evidence regarding intentional or knowing possession of a firearm was legally insufficient to support the verdict.

Issue Two: By entering a finding of guilt, prior to receiving any evidence as to punishment, the trial court foreclosed deferred adjudication as a possible sentence violating his right to due process of law under the United States Constitution.

Issue Three: By entering a finding of guilt, prior to receiving any evidence as to punishment, the trial court foreclosed deferred adjudication as a possible sentence violating his right to due course of law under the Texas Constitution.

## STATEMENT OF THE FACTS

This case involved a bench trial for an indictment alleging possession of a firearm by a convicted felon. I CR 4. Witnesses were called who established that Mr. Thurman had a previous felony conviction and that he was on parole on the date alleged in the indictment. V RR 53, 56. The possession was alleged to have occurred in Tyler, Smith County at the Town House Motel. V RR 59-60.

For the primary element, intentional or knowing possession, the State called four Tyler police officers. Adam Colby responded as a back-up officer and knew that he was dispatched to a theft complaint. V RR 59.

3

The primary suspect was Brittani Stone who had stolen credit cards, checkbooks and prescription drugs and that she was in a room at the Town House Motel. V RR 59-60. Officer Colby determined that Ms. Stone was wanted for felony charges in both Smith and Gregg Counties. V RR 60. While Officer Colby was speaking with the complainant in the theft case, Ms. Stone came out of a hotel room, made eye contact with and was recognized by the officer from previous book-in photographs and went back inside the room. V RR 60-61. Colby and Officer Hill, who did not testify, knocked on the door and Mr. Thurman answered and gave permission for the officers to "go and get her." V RR 62. Ms. Stone gave a false name, and Colby saw a credit card with the complainant's name on it in the room. V RR 63.

Colby contacted a detective to seek a search warrant was obtained for the stolen property. V RR 64. During that process, Mr. Thurman gave written and verbal consent for the officers to search the room and his car for stolen property. V RR 64-66. During the search for stolen property, Office Colby and at least one other officer searched the room and Colby saw bullets and was concerned about a firearm being involved that had

4

not yet been found.  V RR 71.  Both Mr. Thurman and Ms. Stone were searched again and no firearm was located.  V RR 72.  No firearm was found in Mr. Thurman's car.  V RR 72.

Two other officers then searched the room again and found a firearm, specifically a .38 caliber revolver with pink grips.  V RR 73.  Mr. Thurman denied ownership, and Ms. Stone invoked her right to remain silent. V RR 73.  Now officers sought a different warrant using a narcotics detective.  V RR 74.  Mr. Thurman was allowed to leave.  V RR 74.  Ms. Stone was charged with being a felon in possession of a firearm.  V RR 76-77, 79.

Counsel has reviewed the record in the case thoroughly, and presents three issues.  A discussion of relevant facts for those issues is included in the argument section of this brief.

## SUMMARY OF ARGUMENT

The issues for this Court to consider are first, whether the evidence was legally sufficient to establish that Mr. Thurman intentionally or knowingly possessed the firearm and second, whether the court violated his rights to due process and due course of law by immediately finding him guilty of the offense. The evidence is clear that an officer located a pink handled revolver in a hotel room shared by Mr. Thurman by an indicted co-defendant Ms. Brittani Stone. However, the record establishes that Mr. Thurman was released by officers that evening because they were looking for Ms. Stone on felony warrants and had not located the firearm by that time. The revolver was found under a mattress in a hotel room only after repeated searches of the room. The State failed to prove intentional or knowing possession.

The second and third issue raised relate to the trial court's finding Mr. Thurman guilty of the offense almost immediately following the conclusion of evidence, thus making Mr. Thurman ineligible to receive deferred adjudication. Deferred adjudication exists as a possible punishment for this offense, by eliminating that as an option, the trial

6

court violated Mr. Thurman's right to due process and due course of law.

## ARGUMENT

Issue One, Restated: The evidence regarding intentional or knowing possession of a firearm was legally insufficient to support the verdict.

This was a case about possession.  While it was undisputed that a firearm was located in the room occupied by Mr. Thurman and Ms. Stone, the State failed to prove that Mr. Thurman intentionally or knowingly possessed the firearm.

### A. Standard of Review on Sufficiency

Appellant contends that the evidence is legally  insufficient to support the verdict. The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See <u>Jackson v. Virginia</u>, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also <u>Johnson v. State</u>, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993); and <u>Brooks v. State</u>, 323 S.W.3d 893, 894 (Tex. Crim. App.

2010)(plurality op.). The evidence is examined in the light most favorable to the verdict. See <u>Jackson</u>, 443 U.S. at 320, 99 S. Ct. at 2789; <u>Johnson</u>, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. See <u>Tibbs v. Florida</u>, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982).

## B. Law Regarding Possession

In order to convict a person an of offense, the State must prove every element of the offense beyond a reasonable doubt. TEX. PENAL CODE ANN. §2.01 (West 2011). To prove that a defendant committed the offense of possession of a firearm, the State is required to prove that the defendant (1) exercised actual care, control or custody of the firearm, (2) he was conscious of his connection with it, and (3) that he knowingly or intentionally possessed the firearm. <u>Davis v. State</u>, 93 S.W.3d 664, 667 (Tex. App. – Texarkana 2002, pet. ref'd).

Because an accused must not only have exercised actual care, control, or custody of the firearm, but must also have been conscious of his connection with it and have known what it was, evidence which affirmatively links him to it suffices for proof that he possessed it

8

knowingly.  Mr. Thurman recognizes this can be met by the State through either direct or circumstantial evidence, but it must be more than a fortuitous connection.  Bollinger v. State, 224 S.W.3d 768, 774 (Tex. App. – Eastland 2007, pet. ref'd), citing Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

When the firearm is not found on the accused's person or is not in his exclusive possession, additional facts must affirmatively link the accused to the firearm.  Jones v. State, 963 S.W.2d 826, 830 (Tex. App. – Texarkana 1998, pet. ref'd).  While no set formula of facts exist that would dictate a finding of affirmative links sufficient to support an inference of knowing possession of contraband.  Porter v. State, 873 S.W.2d 729, 732 (Tex. App. – Dallas 1994, pet. ref'd).  The number of links if less important than the "logical force" or degree to which the links, alone or in combination, tend to affirmatively link the accused to the contraband. Wallace v. State, 932 S.W.2d 519, 524 (Tex. App. – Tyler 1995, pet. ref'd). Factors that specifically link a defendant to a firearm include: (1) whether the firearm was in a car driven by the accused; (2) whether the firearms were in a place owned by the accused; (3) whether the firearms were conveniently accessible to the accused; (4) whether the firearms were

9

found in an enclosed space; and (5) whether the accused made any affirmative statement connecting him to the firearm. Corpus v. State, 30 S.W.3d 35, 38 (Tex. App. – Houston [14th Dist.] 2000, pet. ref'd).

The analysis is similar to proving possession of narcotics. Factors that may establish an affirmative link for narcotics include whether (1) the contraband was in plain view; (2) the contraband was conveniently accessible to the accused; (3) the accused was the owner of the place where the contraband was found; (4) the accused was the driver of the automobile in which the contraband was found; (5) the contraband was found on the same side of the car seat as the accused was sitting; (6) the place where the contraband was found was enclosed; (7) the odor of the contraband was present; (8) paraphernalia to use the contraband was in view of or found on the accused; (9) conduct by the accused indicated a consciousness of guilt; (10) the accused has a special connection to the contraband; (11) occupants of the automobile gave conflicting statements about relevant matters; (12) the physical condition of the accused indicated recent consumption of the contraband found in the car; and (13) affirmative statements connecting the accused to the contraband. Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App. – Houston [1st Dist.] 1994, pet.

10

ref'd).

## C. Application to These Facts

The firearm in this case was located during the third search of the room by officers. V RR 92. It was located under the mattress of the bed in the room. V RR 95. Ms. Stone claimed ownership of the safe which contained the same ammunition as the firearm. V RR 82, 98. It appeared to the officer that the room was occupied by a woman. V RR 102.

Ms. Stone was charged that evening with being a felon in possession of the firearm, possession of narcotics and offenses related to the theft, as well as to the two initial warrants. Those charges were all pending when she invoked her right to remain silent during the first phase of trial. V RR 118-120. During the sentencing phase, Ms. Stone also invoked her right to remain silent. VI RR 8-9. By that time, the charges related to her conduct on July 13, 2014 had been resolved, but there was still an unfiled misdemeanor charge of failure to identify that the State would not grant immunity. VI RR 8, 17. The trial court took judicial notice of Ms. Stone's felony charges in Smith County which included an unlawful possession of a firearm which was dismissed under §12.45; a felony possession of a

11

controlled substance and a felony theft both of which were negotiated for 12 month sentences.

Of the <u>Corpus</u> factors, three do not apply in this case. The firearm was not found in a car; was not found in a place owned by Mr. Thurston; and he made no statement linking him to the firearm. <u>Corpus</u>, 30 S.W.3d at 38. The firearm was found in an enclosed space, but that is the only factor free from debate. Whether the firearm was conveniently accessible is debatable since it took multiple officers multiple searches to locate the firearm.

Similarly, many of the <u>Gilbert</u> factors do not apply to these facts. This contact occurred outside an automobile, so the fourth and fifth factors do not apply. This was a possession of a firearm, not marijuana case so the seventh factor does not apply. The contraband was not found in an enclosed area, so the sixth factor does not apply.

Several of the factors weigh against Appellant. The contraband was found in a location accessible to Mr. Thurman, although as noted above not necessarily convenient (Factor 2). In this case, it is undisputed that the firearm was under a mattress not in plain view and not found during the first or second search of the hotel room.

Several of the Gilbert factors are clearly in Mr. Thurman's favor. There was no conduct evidencing consciousness of guilt. There was no special connection to the firearm, in fact it might be seen as unusual for a man to possess a pink firearm. Ms. Stone had as many, if not more links to the firearm and was also charged for possession of a firearm by a felon. There were no affirmative statements connecting Mr. Thurman to the contraband. Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App. – Houston [1st Dist.] 1994, pet. ref'd).

## D. Conclusion

The only connection between Mr. Thurman and the firearm was that he was one of two occupants of the room. The firearm was not found on the first or even second search of the room, and Mr. Thurman was cooperative about letting officers inside the room to apprehend Ms. Stone and then search for stolen property in the possession of Ms. Stone. The connection between Mr. Thurman and the firearm was fortuitous, and legally insufficient. When viewed in totality, the evidence was legally insufficient to prove that Mr. Thurman intentionally or knowingly possessed the firearm in this case. The proper remedy is for this Court to

13

reverse and render on this issue.

Issue Two, Restated: By entering a finding of guilt, prior to receiving any evidence as to punishment, the trial court foreclosed deferred adjudication as a possible sentence violating his right to due process of law under the United States Constitution.

Issue Three, Restated: By entering a finding of guilt, prior to receiving any evidence as to punishment, the trial court foreclosed deferred adjudication as a possible sentence violating his right to due course of law under the Texas Constitution.

A. The Law Requires a Neutral Tribunal

The Fourteenth Amendment provides that the state may not "deprive any person of life, liberty, or property, without due process of law. U.S. CONST. Amend. XIV. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land. TEX. CONST. art. I, §19. Due process requires that the trial court conduct itself in a neutral and detached manner. Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d (1973); Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process. Ex parte Brown, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005);

14

<u>Brumit</u> at 645.

The law contemplates that the trial judge shall maintain an attitude of impartiality throughout the trial. <u>Lagrone v. State</u>, 84 Tex. Crim. 609, 209 S.W. 411, 415 (1919). A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. <u>Teixeira v. State</u>, 89 S.W.3d 190, 192 (Tex. App. – Texarkana 2002, pet. ref'd).

A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. <u>Ex parte Brown</u>, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005); <u>McClenan v. State</u>, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983).

## B. Application to These Facts

Given the evidence offered at the sentencing phase of trial, there existed the possibility that Mr. Thurman might have been a suitable candidate for deferred adjudication. This included the fact that since his release from prison, he cared for his uncle following a stroke; (VI RR 24-

25) that he is now married (VI RR 25, 29); that he had been compliant with parole (VI RR 29-30); that he was due to be discharged from parole on July 3, 2015 (VI RR 56). Against those facts were his criminal history, which was not insignificant. It is entirely possible that a detached and neutral magistrate, who had not found a defendant guilty immediately after the evidence would have been able to consider that as a possible alternative to confinement. However, because of the finding of guilt, the court was not able to consider deferring guilt and placing Mr. Thurman under terms and conditions of supervision.

This error was emphasized when the trial court stated:

"I used to give a lot of announcement as to how I make my rulings, but the appellate courts have told me that it should be just a matter of like a jury. You make a ruling and go on, so I'm not going to give much." V RR 128, line 22 - 129, line 1.

The trial court appears to be referring to cases where this Court questioned the trial court's comments as to acting as a jury would in assessing punishment in either an open plea or revocation situation. While the comment in this record in and of itself appears innocuous, given the history of the prior cases, it can be concluded that the trial court does not understand the previous rulings of this Court or its own role in

16

sentencing proceedings.

## C. Structural Error Analysis

These errors in conjunction constitute structural error and need not be preserved by contemporaneous objection and require a reversal of these judgments. Structural error affects the conduct of the trial and is not subject to a harm analysis. <u>Arizona v. Fulminante</u>, 449 U.S. 279, 309-310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Structural error has been found in the deprivation of the right to an impartial judge. <u>Id</u>. This is structural error because the court immediately found Mr. Thurman guilty of the offense almost immediately after the conclusion of the evidence. V RR 130.

It is anticipated that the State will object to these two points of error by arguing that there were no timely objections to the trial court's comments. However, that analysis side-steps the issue of whether or not this is structural error. If it is structural error as Appellant contends, no contemporaneous objection is necessary.

D. Remedy and Relief Requested

The judgment of conviction should be reversed and the case remanded to the trial court.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully pays that the trial court's judgment be reversed and rendered in accordance with the first issue, or that, in the alternative, the judgment of the trial court be reversed and remanded in accordance with the second and third issues.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by regular mail on this the 10th day of June, 2015.


 /s/ James Huggler
James W. Huggler, Jr.


Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702


## CERTIFICATE OF COMPLIANCE

I certify that in compliance with TEX. R. APP. P. 9.4, this document contains 4,194 words as calculated by Corel WordPerfect version X5 using 14 point Century font and complies with the other requirement of Rule 9.4.


 /s/ James Huggler
James W. Huggler, Jr.